Michael HUNTLEY, Petitioner— Appellant,

v.

Joseph L. MCGRATH, Warden, Respondent—Appellee.

No. 06–55146.

United States Court of Appeals, Ninth Circuit.

Submitted on Dec. 6, 2007 *.

Filed Dec. 19, 2007.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See*

Fed. R.App. P. 34(a)(2).

Michael Huntley, Crescent City, CA, pro se.

Verna J. Wefald, Esq., Attorney at Law, Pasadena, CA, for Petitioner–Appellant.

Michael C. Keller, Esq., AGCA–Office of the California Attorney General, Los Angeles, CA, for Respondent–Appellee.

Before: BOWMAN,** BRUNETTI, and BYBEE, Circuit Judges.

### MEMORANDUM ***

Michael Huntley, a California prisoner, appeals the district court's denial of his habeas petition under 28 U.S.C. § 2254. We affirm.

Huntley claims that his post-trial counsel was ineffective regarding his motion for a new trial, in that the motion was filed late, the motion was based on grounds that were contrary to the record, counsel failed to obtain a complete copy of the trial transcripts, and counsel failed to file a supporting memorandum of points and authorities. The untimeliness allegation has been waived for lack of briefing. As to the remaining allegations, the California Court of Appeal's decision that Huntley failed to establish prejudice was not an unreasonable application of *Strickland v. Washington*, 466 U.S. 668, 694, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). *See* 28 U.S.C. § 2254(d)(1).

█ Huntley further claims that his post-trial counsel was ineffective at sentencing in several respects. First, his claim that the state court's use of an old probation report violates California law is outside the certificate of appealability and, in any event, is not cognizable on habeas review. *See Estelle v. McGuire*, 502 U.S. 62, 67–68, 112 S.Ct. 475, 116 L.Ed.2d 385 (1991). Second, Huntley's claim that counsel failed to object to the trial court's use

** The Honorable Pasco M. Bowman, Senior United States Circuit Judge for the Eighth Circuit, sitting by designation.

*** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

of an old probation report and failed to request an updated report is both unexhausted and outside the certificate of appealability, and, in any event, Huntley has failed to make any showing of prejudice under *Strickland.* Third, despite counsel's disbarment on unrelated charges, under *Young v. Runnels,* 435 F.3d 1038, 1043 (9th Cir.2006), Huntley is still required to establish actual ineffectiveness and prejudice under *Strickland.*

■ Finally, as to Huntley's claim that counsel failed to move to strike his priors under California's Three Strikes law, the California Court of Appeal's decision that Huntley failed to establish prejudice was not an unreasonable application of *Strickland,* 466 U.S. at 694, 104 S.Ct. 2052. *See* 28 U.S.C. § 2254(d)(1). The state court was not unreasonable in determining that the trial judge was disinclined to strike Huntley's priors. Moreover, Huntley has failed to make any showing that his personal circumstances placed him "outside the spirit of the Three Strikes law" such that the trial court would have had the discretionary authority to strike priors. *People v. Williams,* 17 Cal.4th 148, 69 Cal.Rptr.2d 917, 948 P.2d 429, 438 (1998).

■ We decline to resolve Huntley's unexhausted claim under *United States v. Cronic,* 466 U.S. 648, 104 S.Ct. 2039, 80 L.Ed.2d 657 (1984), that he was constructively denied the assistance of counsel at his sentencing hearing and is entitled to a presumption of prejudice. Aside from a passing reference to having "received absolutely no assistance of counsel at that hearing," Huntley's briefs in state court were devoted exclusively to establishing actual ineffectiveness of counsel and affirmatively proving prejudice under *Strickland,* 466 U.S. at 683, 692–93, 104 S.Ct. 2052 (1984). *See also Bell v. Cone,* 535 U.S. 685, 697, 122 S.Ct. 1843, 152 L.Ed.2d 914 (2002) (noting that the difference between a *Strickland* claim and a *Cronic*

claim is a matter "not of degree but of kind"). Accordingly, the state court understandably confined its review to those issues. *See Duncan v. Henry,* 513 U.S. 364, 366, 115 S.Ct. 887, 130 L.Ed.2d 865 (1995); *see also·Galvan v. Alaska Dept. of Corr.,* 397 F.3d 1198, 1205 (9th Cir.2005) ("[T]he inquiry is not mechanical, but requires examination of what the petitioner said and the context in which she said it."); *United States v. Dunkel,* 927 F.2d 955, 956 (7th Cir.1991) (per curiam) ("Judges are not like pigs, hunting for truffles buried in briefs."); *Martens v. Shannon,* 836 F.2d 715, 717 (1st Cir.1988) ("[T]he exhaustion doctrine requires a habeas applicant to do more than scatter some makeshift needles in the haystack of the state court record."). The *Cronic* claim is therefore unexhausted. 28 U.S.C. § 2254(b)(1).

**AFFIRMED.**