UNITED STATES of America,
Plaintiff–Appellee,

v.

James C. DUNKEL,
Defendant–Appellant.

No. 89–1841.

United States Court of Appeals,
Seventh Circuit.

Submitted Feb. 7, 1991.

Decided March 8, 1991.

John G. McKenzie, Asst. U.S. Atty., Lisa K. Osofsky, Office of the U.S. Atty., Rockford, Ill., for plaintiff-appellee.

Donald W. MacPherson, MacPherson & McCarville, Phoenix, Ariz., for defendant-appellant.

Before POSNER and EASTERBROOK, Circuit Judges, and DUMBAULD, Senior District Judge.*

PER CURIAM.

James C. Dunkel, who decided that income taxes are voluntary and elected not to contribute, was convicted of tax evasion and wilful failure to file tax returns. Consistent with this circuit's precedents, the district court withdrew from the jury certain defenses that are objectively unreasonable. We affirmed Dunkel's conviction. 900 F.2d 105 (7th Cir.1990).

*United States v. Cheek*, 882 F.2d 1263 (7th Cir.1989), barred seven of Dunkel's theories. When reversing that decision, *Cheek v. United States*, —— U.S. ——, 111 S.Ct. 604, 112 L.Ed.2d 617 (1991), the Supreme Court removed two items from the list but left the other five. It held that district judges may rebuff defenses based on erroneous constitutional beliefs (such as that the 16th Amendment was not properly ratified) but that defendants may argue that their mistaken interpretations of the

* Honorable Edward Dumbauld, of the Western    District of Pennsylvania, sitting by designation.

tax laws (such as that wages are not income) defeat the mental state necessary to the offense, no matter how unfounded those beliefs may be. The Supreme Court then told us to reconsider Dunkel's case in light of *Cheek.* —— U.S. ——, 111 S.Ct. 747, 112 L.Ed.2d 768 (1991).

■ The government contends that Dunkel's conviction is not affected by *Cheek.* First, the prosecutor contends, Dunkel waived any objection to the district court's ruling by burying it in a single unreasoned paragraph of his brief on appeal. A skeletal "argument", really nothing more than an assertion, does not preserve a claim. *United States v. Giovannetti,* 919 F.2d 1223, 1230 (7th Cir.1990). Especially not when the brief presents a passel of other arguments, as Dunkel's did. Judges are not like pigs, hunting for truffles buried in briefs. But claims of waiver may themselves be waived, *Wilson v. O'Leary,* 895 F.2d 378, 384 (7th Cir.1990), and the United States did just that—not in this court, but in the Supreme Court of the United States.

■ Dunkel's petition for certiorari challenged this court's treatment of objectively unreasonable beliefs. The Solicitor General could have resisted this petition by arguing that Dunkel had not preserved the point. Instead he urged the Supreme Court to hold the case for whatever disposition *Cheek* made appropriate. The Court did so and has told us to review the case in light of *Cheek.* The whole process has been so much wasted motion if, as the government now contends, the claim was not properly preserved here. The Supreme Court enforces a rule that claims of waiver must be presented no later than the brief in opposition to the petition for certiorari or are themselves waived. *Canton, Ohio v. Harris,* 489 U.S. 378, 383–84, 109 S.Ct. 1197, 1201–02, 103 L.Ed.2d 412 (1989); *Bowen v. American Hospital Ass'n,* 476 U.S. 610, 629 n. 14, 106 S.Ct. 2101, 2113 n. 14, 90 L.Ed.2d 584 (1986); *Oklahoma City v. Tuttle,* 471 U.S. 808, 815–16, 105 S.Ct. 2427, 2431–32, 85 L.Ed.2d 791 (1985). That rule would lose much force—and could convert the Court's efforts into an advisory opinion—if claims of waiver that had been forfeited in the Supreme Court could be revived on remand. The government has missed its chance to preclude Dunkel from receiving the benefits of *Cheek.*

■ The prosecutor's other argument is that the error was harmless, because no rational juror could have believed Dunkel's claim that he did not know that he was required to file returns and pay taxes. Perhaps so, but directed verdicts are not allowed in criminal cases. *Cheek* holds that our practice removed from the jury's purview one of the elements of the offense. It follows that the error cannot be harmless. *Carpenters v. United States,* 330 U.S. 395, 408–09, 67 S.Ct. 775, 782, 91 L.Ed. 973 (1947); *Carella v. California,* 491 U.S. 263, 109 S.Ct. 2419, 2422–23, 105 L.Ed.2d 218 (1989) (Scalia, J., concurring). *United States v. Kerley,* 838 F.2d 932 (7th Cir. 1988), holds that in some circumstances an instruction omitting an element of the offense is not plain error, so that reversal is not inevitable if the defendant fails to propose a correct instruction and object to the incorrect one. The prosecutor does not suggest, however, that Dunkel neglected to object to the instructions about which he now complains. He is entitled to the decision of the jury, and not just of an appellate court, on the question of his state of mind. So much we made clear on rehearing in *Kerley,* 838 F.2d at 941 (1988), remanding for a new trial once we learned that the defendant had indeed objected to the defective instruction.

It should go without saying that rulings in our original opinion on subjects unrelated to *Cheek*—such as the search of Dunkel's garbage—stand, and these subjects may not be reopened in the district court.

The judgment is reversed, and the case is remanded for retrial.