# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**David W.,**
**Petitioner Below, Petitioner**

**vs) No. 13-0891** (Raleigh County 11-C-210)

**Jim Rubenstein, Commissioner,**
**West Virginia Department of Corrections,**
**Respondent Below, Respondent**

**FILED**

June 19, 2014

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner David W.,[1] by counsel John D. Wooton, appeals an order of the Circuit Court of Raleigh County entered August 8, 2013, that denied his petition for writ of habeas corpus. Respondent Jim Rubenstein, Commissioner, West Virginia Department of Corrections, by Assistant Attorney General Christopher S. Dodrill, filed a response to which petitioner replied.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

On May 10, 2000, petitioner was indicted in the Circuit Court of Raleigh County on three counts of first degree sexual assault; three counts of incest; nine counts of sexual abuse by a parent, guardian, or custodian; and five counts of first degree sexual abuse, all of which occurred from 1995 to 1999. The victim was petitioner's daughter, A.W., who was approximately five years old when the events herein commenced, and eleven years old at the time of trial.

The evidence at trial revealed that in December of 1999, after A.W. told her school counselor that petitioner had been doing improper "sexual things" to her, West Virginia State troopers and a caseworker from the West Virginia Department of Health and Human Resources went to petitioner's home where, with petitioner's consent, they obtained evidence that included pornographic videotapes and magazines. Before questioning petitioner about the allegations made by A.W., law enforcement officers read petitioner his *Miranda* rights. Petitioner cooperated fully with the officers and answered their questions. He then accompanied the officers to the State Police barracks where he was again informed of his rights and proceeded to

---

[1]In keeping with the Court's policy of protecting minors and the identities of victims of sexual crimes, petitioner will be referred to by his first name and last initial, and the victim and her brother, by their initials only.

1

give a detailed, inculpatory, written statement. Petitioner also gave a recorded statement in which he admitted to fondling his daughter's breasts and vagina and to receiving sexual gratification from those encounters. He further admitted that, on two occasions, he had his daughter touch his penis and that he had stripped her clothes off with the help of his young son so that he could see her naked. He stated that the activities he described happened "a lot." Petitioner told law enforcement that the incidents he described reminded him of his wife when she was younger and he liked reliving those memories through his daughter.

Prior to trial, petitioner's trial counsel, John Parkulo, filed a motion to suppress petitioner's statements and the items seized during the search of his home. A suppression hearing was conducted on February 8, 2001, during which petitioner argued that he did not voluntarily, knowingly, and intentionally waive his right to counsel. The circuit court denied petitioner's motion.

The victim testified at trial. She stated that petitioner took her clothes off and touched her breasts on many occasions; that, more than twice, he touched her vagina; that he had her touch his penis two times; that petitioner wanted her to be a stripper when she grew up; that petitioner and her brother would wrestle with her and have her play a game that required her to take off her clothes; that petitioner showed her and her young cousins a pornographic cartoon movie; and that she had nightmares about the activities described in which petitioner would kill people if she told anyone about them.

The victim's brother, D.A.W., who was twelve years old at the time of trial, also testified. He testified that petitioner showed him, the victim, and their young cousins a cartoon movie that "had sex in it" and would have the children go into the bedroom to act out what was in the movie. He further testified that petitioner had him to hold the victim down so that petitioner could remove the victim's clothes.

On February 15, 2001, petitioner was convicted by a jury on all twenty counts of the indictment as set forth above. He was subsequently sentenced to an aggregate sentence of thirty-one to seventy-five years in prison.[2] On March 19, 2001, petitioner timely filed a motion for new trial, which was denied by order entered November 5, 2001. Petitioner's petition for appeal of that order was denied by this Court on December 19, 2001.

On November 1, 2002, petitioner filed his first petition for writ of habeas corpus alleging ineffective assistance of counsel and plain error by the circuit court. In a detailed twenty-nine page order entered April 9, 2003, the circuit court, without a hearing, denied the petition. Petitioner's petition for appeal of that order was refused by this Court on November 19, 2003.

On February 28, 2006, petitioner, pro se, filed a second petition for habeas relief, alleging that he had been denied due process because the trial judge was prejudiced against him; that he had been subject to malicious prosecution and ineffective assistance of trial counsel; and that the State's use of Rule 404(b) evidence violated his due process rights. By order entered October 26,

---

[2]A corrected sentencing order was subsequently entered on July 10, 2012, reducing petitioner's aggregate sentence to twenty-six to seventy years in prison.

2006, the circuit court denied petitioner's second request for habeas relief, applying the doctrine of res judicata and concluding that its prior habeas ruling was dispositive of all of the issues raised in the second petition. The circuit court further concluded that the petition did not raise any new constitutional issues; lacked the specificity required by West Virginia's post-conviction habeas corpus statute; and failed to state sufficient grounds upon which the court could appoint counsel and/or grant an evidentiary hearing.

Petitioner's present habeas petition was filed on March 21, 2011, and alleged ineffective assistance of trial counsel, a defective indictment, and prejudicial statements made by the prosecutor.[3] A scheduling order was subsequently entered. On March 9, 2012, petitioner filed a motion for a copy of the grand jury minutes and to take the depositions of Prosecuting Attorney Kristen Keller and petitioner's trial counsel, Mr. Parkulo. The circuit court granted the request for the grand jury minutes and to take Mr. Parkulo's deposition.[4] The circuit court denied petitioner's request to take Ms. Keller's deposition.

On May 3, 2012, petitioner moved for an expedited order to amend the petition for habeas relief on the grounds that the transcript of the grand jury testimony was not timely provided to the parties, and further, that the grand jury testimony was inadequate as a matter of law to sustain the indictment against petitioner.[5]

At the commencement of the omnibus habeas hearing on May 18, 2012,[6] petitioner moved to amend the petition to incorporate the allegation that there was a deviation between the proof offered by the State and the indictment. The State objected and the habeas court denied the motion because (1) the allegation was waived, and (2) the habeas court was not permitted to "go behind" the indictment to test the sufficiency of the evidence supporting the true bill given that some proper evidence was presented to the grand jury.

---

[3]Petitioner also alleged that he was sentenced improperly. As previously noted, a corrected sentencing order was entered on July 10, 2012.

[4]Despite this ruling, petitioner's habeas counsel did not take Mr. Parkulo's deposition.

[5]More specifically, petitioner's motion asserted that the grand jury testimony was insufficient with respect to specific testimony, dates, and the time of the crimes alleged. Petitioner further asserted that, at best, the evidence presented before the grand jury supported twelve counts, but that petitioner was improperly convicted on a twenty-count indictment. Petitioner argued that, therefore, the indictment was defective as a matter of law.

[6]See W.Va. Code § 53-4A-1(b) (stating, in part, that "a contention or contentions and the grounds in fact or law relied upon in support thereof shall be deemed to have been previously and finally adjudicated only when . . . there was a decision on the merits thereof after a full and fair hearing thereon. . . ."). The omnibus hearing commenced before Judge Hutchison on May 18, 2012, and then re-commenced on June 7, 2012. By order entered November 7, 2012, Judge Hutchison voluntarily recused himself from this case due to an unidentified "conflict." The matter was referred to Judge Kirkpatrick, who entered the order denying habeas relief that is the subject of this appeal.

The habeas court entered a sixty-page order on August 8, 2013, that included extensive findings and conclusions in support of its ruling and that denied the relief requested. This appeal followed.

This Court reviews appeals of circuit court orders denying habeas corpus relief under the following standard:

> "In reviewing challenges to the findings and conclusions of the circuit court in a habeas corpus action, we apply a three-prong standard of review. We review the final order and the ultimate disposition under an abuse of discretion standard; the underlying factual findings under a clearly erroneous standard; and questions of law are subject to a *de novo* review." Syllabus point 1, *Mathena v. Haines*, 219 W.Va. 417, 633 S.E.2d 771 (2006).

Syl. Pt. 1, *State ex rel. Franklin v. McBride*, 226 W.Va. 375, 701 S.E.2d 97 (2009). *See also Ballard v. Ferguson*, 232 W.Va. 196, __, 751 S.E.2d 716, 719 (2013) ("Findings of fact made by a trial court in a post-conviction habeas corpus proceeding will not be set aside or reversed on appeal by this Court unless such findings are clearly wrong." (quoting Syl. Pt. 1, *State ex rel. Postelwaite v. Bechtold*, 158 W.Va. 479, 212 S.E.2d 69 (1975)).

Petitioner's first assignment of error is that the habeas court erred in concluding that petitioner did not receive ineffective assistance of counsel at trial. The habeas court's order provides an in-depth discussion of the relevant facts and application of the two-pronged test for ineffective assistance of counsel set forth in Syllabus Point 5 of *State v. Miller*, 194 W.Va. 3, 459 S.E.2d 114 (1995), which states as follows:

> In West Virginia courts, claims of ineffective assistance of counsel are to be governed by the two-pronged test established in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984): (1) Counsel's performance was deficient under an objective standard of reasonableness; and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different.

*See* Syl. Pt. 3, *Ballard v. Ferguson*, 232 W.Va. 196, 751 S.E.2d 716 (2013). The habeas court specifically addressed each of petitioner's ineffective assistance arguments, including that trial counsel failed to object to prosecutorial statements made to the jury[7] and the admission of Rule 404(b) evidence; failed to file discovery motions; failed to request a copy of the grand jury minutes; failed to address sentencing issues; failed to seek a sexual offender evaluation prior to sentencing; failed to timely inform petitioner of a plea bargain offer; and filed a motion to suppress too close in time to the date of trial. Given the habeas court's detailed and legally sound analysis of petitioner's ineffective assistance of counsel claim, we conclude that it did not abuse

---

[7]The prosecutorial statements to which petitioner refers are set forth below in connection with petitioner's argument that the statements in and of themselves required a reversal of his convictions.

its discretion in determining that trial counsel's performance was not deficient under an objective standard of reasonableness. Furthermore, given petitioner's confession to the police and the victim's unchallenged trial testimony, the habeas court did not abuse its discretion in concluding that, even if trial counsel's performance were deficient on the grounds cited herein, the result of the trial would not have been different.

Petitioner's next assignment of error is that certain statements by the prosecutor were fatally prejudicial to his defense and constituted reversible error. Specifically, petitioner argues that, in making the following remarks during closing argument, the prosecutor abandoned her quasi-judicial, non-partisan role[8]:

> I think you'll find upon the evidence, upon [the victim's] testimony, upon the defendant's statement, we were very conservative, because there is no doubt that these acts in that period of time occurred far more than the first degree sexual assaults and the three sexual abuses by vaginal - - by breast touching and two by the defendant having the child touch his penis, with corresponding charges. Obviously, these acts occurred throughout this period of time far more times than we've charged this defendant with, so we've already given him a break.
>
> And there is no doubt in this case that that is exactly what this defendant did. There is some huge doubt as to whether or not that's all he did; because, as you recall, he told Trooper VanMeter he put his finger inside his little girl's vagina."

The grounds for reversing a jury verdict on the basis of improper remarks by the State were set forth in Syllabus Points 5 and 6 of *State v. Sugg,* 193 W.Va. 388, 456 S.E.2d 469 (1995) as follows:

> 5. A judgment of conviction will not be set aside because of improper remarks made by a prosecuting attorney to a jury which do not clearly prejudice the accused or result in manifest injustice.
>
> 6. Four factors are taken into account in determining whether improper prosecutorial comment is so damaging as to require reversal: (1) the degree to which the prosecutor's remarks have a tendency to mislead the jury and to prejudice the accused; (2) whether the remarks were isolated or extensive; (3) absent the remarks, the strength of competent proof

---

[8]*See* Syl. Pt. 2, *State v. Kendall*, 219 W.Va. 686, 639 S.E.2d 778 (2006) (holding that "'[t]he prosecuting attorney occupies a quasi-judicial position in the trial of a criminal case. In keeping with this position, he is required to avoid the role of a partisan, eager to convict, and must deal fairly with the accused as well as the other participants in the trial. It is the prosecutor's duty to set a tone of fairness and impartiality, and while he may and should vigorously pursue the State's case, in so doing he must not abandon the quasi-judicial role with which he is cloaked under the law.' Syl. Pt. 3, *State v. Boyd,* 160 W.Va. 234, 233 S.E.2d 710 (1977).").

introduced to establish the guilt of the accused; and (4) whether the comments were deliberately placed before the jury to divert attention to extraneous matters.

Applying *Sugg*, the habeas court concluded that the prosecutor's remarks did not constitute improper prosecutorial comment. We agree. The prosecutor's statements were supported by the evidence, which included petitioner's admissions that he fondled the victim's breasts and vagina from which he received sexual gratification and that, on two occasions, he had his daughter touch his penis. The victim and her brother both echoed petitioner's statement to police that petitioner stripped the victim's clothes off with her brother's help so that he could see her naked. Petitioner stated that the activities he described happened "a lot" and he admitted that that he put his finger inside the victim's vagina. The victim likewise testified that petitioner touched her breasts on many occasions; that, more than twice, he touched her vagina; and that he had her touch his penis two times. Given this evidence, the prosecutor's remarks did not mislead the jury. Thus, the first factor of *Sugg* (whether the remarks misled the jury) is not satisfied. Even if the remarks were determined to be misleading in some way, the remaining factors of *Sugg* are also not met: The remarks were made during closing argument and were thus, isolated and not extensive; absent the remarks, the evidence demonstrating petitioner's guilt was overwhelming given petitioner's full confession and the victim's unchallenged testimony; and, finally, there is no suggestion that the prosecutor's comments were deliberately made to divert attention to extraneous matters. In consideration of the foregoing, we conclude that the prosecutor's remarks were not grounds for reversal. Therefore, the habeas court did not clearly err or abuse its discretion in denying petitioner's request for habeas relief on this issue.[9]

Given that the habeas court's order includes extensive and well-reasoned findings and conclusions as to all of the assignments of error raised herein, and given our conclusion that the habeas court's order and the record before us reflect no clear error or abuse of discretion, we hereby adopt and incorporate the habeas court's findings and conclusions and direct the Clerk to attach a copy of the habeas court's August 8, 2013, order denying petitioner's petition for writ of

---

[9]We note that petitioner raises as an additional assignment of error the argument that the indictment was defective because it violated the multiplicity doctrine in that it "charg[ed] single offenses as multiple counts" and "the convictions returned by the jury fail to match the charges outlined in the indictment." Upon careful review, however, we find petitioner's arguments to be exceedingly non-specific in nature and, thus, inadequate for any meaningful appellate review on this issue. Simply put, petitioner fails to explain just how the indictment deviated from the evidence presented. As we stated in *State of West Virginia, Department of Health and Human Resources, Child Advocate Office, on Behalf of Robert Michael B., Minor Child of Trudy Mae B. v. Robert Morris N.,* 195 W.Va. 759, 765, 466 S.E.2d 827, 833 (1995), "'[a] skeletal "argument," really nothing more than an assertion, does not preserve a claim. . . . Judges are not like pigs, hunting for truffles buried in briefs.'" (quoting *United States v. Dunkel,* 927 F.2d 955, 956 (7th Cir.1991)). *See State v. Lilly,* 194 W.Va. 595, 605 n.16, 461 S.E.2d 101, 111 n.16 (1995) (noting that "appellate courts frequently refuse to address issues that appellants . . . fail to develop in their brief."); *Ohio Cellular RSA Ltd. P'ship v. Bd. of Pub. Works of W.Va.,* 198 W.Va. 416, 424 n.11, 481 S.E.2d 722, 730 n.11 (1996) (refusing to address issue on appeal that had not been adequately briefed).

habeas corpus to this memorandum decision.

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED:** June 19, 2014

**CONCURRED IN BY:**

Chief Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II

7