# STATE OF WEST VIRGINIA
# SUPREME COURT OF APPEALS

**FILED**

**March 7, 2016**

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

*In re*: **E.F. and J.B.**

**No. 15-0833** (Kanawha County 14-JA-32 & 14-JA-33)

## MEMORANDUM DECISION

Petitioner Mother L.F., by counsel Jennifer R. Victor, appeals the Circuit Court of Kanawha County's July 30, 2015, order terminating her parental rights to E.F. and J.B. The West Virginia Department of Health and Human Resources ("DHHR"), by counsel S.L. Evans, filed its response in support of the circuit court's order. The guardian ad litem ("guardian"), Rebecca Stollar Johnson, filed a response on behalf of the children also in support of the circuit court's order. On appeal, petitioner argues that the circuit court erred in terminating her dispositional improvement period and in terminating her parental rights to the children.[1]

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In February of 2014, the DHHR filed an abuse and neglect petition against petitioner and the fathers of E.F. and J.B. In that petition, the DHHR alleged that petitioner used drugs and had recently overdosed; that the children were often dirty and not dressed appropriately for the weather; that the home was dirty and had a roach infestation; and that neighbors often fed and kept the youngest child. At the first scheduled hearing in this matter, petitioner waived her right to a preliminary hearing, and the circuit court granted petitioner's motion to enter residential drug treatment and to have supervised visitation with the children.

In May of 2014, the circuit court held an adjudicatory hearing. At that hearing, petitioner stipulated to a substance abuse problem that affected her parenting, and the circuit court granted petitioner's motion for a post-adjudicatory improvement period.

---

[1]We note that West Virginia Code §§ 49-1-1 through 49-11-10 were repealed and recodified during the 2015 Regular Session of the West Virginia Legislature. The new enactment, West Virginia Code §§ 49-1-101 through 49-7-304, has minor stylistic changes and became effective ninety days after the February 19, 2015, approval date. In this memorandum decision, we apply the statutes as they existed during the pendency of the proceedings below.

1

In June of 2014, petitioner tested positive for cocaine. The following month, the DHHR filed a status summary report in which the DHHR claimed that "[p]rior to the last hearing" petitioner was involuntarily committed to a mental health hospital due to her drug use.[2] Following her involuntary commitment to a mental health hospital, petitioner was transferred to an in-patient drug treatment program. She reportedly completed this program, although the facts regarding this program are not clearly presented in the record on appeal. The DHHR also noted in its summary that on or before July 13, 2014, petitioner had been released from the drug treatment program and was employed at a convenience store for thirty-five to forty hours per week.

In September of 2014, the circuit court held a review hearing in this matter. At that hearing, the DHHR and guardian moved to terminate petitioner's post-adjudicatory improvement period due to non-compliance. As reflected in the DHHR's August 27, 2014, status summary filed with the circuit court, petitioner admitted to continuing drug use after the completion of in-patient drug treatment. The DHHR argued that petitioner's continued drug use prevented her from completing services with the DHHR as required by the terms of her improvement period. The DHHR also reported that petitioner failed to attend a multidisciplinary hearing in August of 2014. Over petitioner's objection, the circuit court terminated her post-adjudicatory improvement period and scheduled a dispositional hearing.

In November of 2014, the circuit court held a dispositional hearing. Because petitioner entered a detoxification program on September 30, 2014, and an in-patient drug treatment program for mothers immediately thereafter, the circuit court granted her motion for a dispositional improvement period for the purpose of completing that program.

In February of 2015, the DHHR filed a status summary with the circuit court. In that summary, the DHHR reported that petitioner was removed from the in-patient drug treatment program on or about January 3, 2015, for drug use. According to the DHHR, petitioner tested positive for oxycodone while in that program and admitted to using another individual's urine in an attempt to pass a drug screen.[3] At a review hearing held on February 12, 2015, the circuit court granted the DHHR and guardian's motion to terminate petitioner's dispositional improvement period for non-compliance. The matter was again scheduled for disposition.

In April of 2015, the circuit court held a dispositional hearing. A DHHR case worker and a service provider testified to petitioner's failure to complete drug treatment during the instant proceedings and to her continued inability to correct the issues that led to the neglect. Petitioner did not testify, but she moved for an additional opportunity to pursue drug treatment. Based on

---

[2]While the involuntary nature of petitioner's commitment is undisputed, the DHHR suggests that petitioner may have filed the mental hygiene petition on herself in order to be placed in an in-patient drug treatment program more quickly. There is no support for this claim in the record on appeal, and the dates of petitioner's involuntary commitment and subsequent drug treatment program are not apparent.

[3]Notwithstanding petitioner's attempt, the urine sample she provided also tested positive for controlled substances.

the evidence presented, the circuit court terminated petitioner's parental rights to her two children. However, the circuit court granted petitioner post-termination visitation at the discretion of the children's custodians. This appeal followed.

The Court has previously established the following standard of review:

> "Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (2011).

On appeal, petitioner first assigns error to the circuit court's termination of her dispositional improvement period. With regard to termination of an improvement period, we have held that "[i]t is within the court's discretion to grant an improvement period within the applicable statutory requirements; it is also within the court's discretion to terminate the improvement period . . . if the court is not satisfied that the [subject parent] is making the necessary progress." Syl. Pt. 2, in part, *In re Lacey P.*, 189 W.Va. 580, 433 S.E.2d 518 (1993); *see also* W.Va. Code § 49-6-610 (providing circuit courts discretion to grant/deny improvement periods in abuse and neglect proceedings). Further, with regard to the consideration of evidence "in the context of abuse and neglect proceedings, the circuit court is the entity charged with weighing the credibility of witnesses and rendering findings of fact." *In re Emily*, 208 W.Va. 325, 339, 540 S.E.2d 542, 556 (2000) (citing Syl. Pt. 1, in part, *In re Travis W.*, 206 W.Va. 478, 525 S.E.2d 669 (1999)); *see also Michael D.C. v. Wanda L.C.*, 201 W.Va. 381, 388, 497 S.E.2d 531, 538 (1997) (stating that "[a] reviewing court cannot assess witness credibility through a record. The trier of fact is uniquely situated to make such determinations and this Court is not in a position to, and will not, second guess such determinations.").

Petitioner claims that the circuit court abused its discretion in terminating her dispositional improvement period because she substantially complied with the terms of that improvement period with the exception of one relapse. We disagree. When placed in context, petitioner's relapse and her removal from the in-patient drug treatment program in January of 2015 demonstrates her inability to comply with the terms of her improvement period. Petitioner had well over one year from the time the petition was filed to the final dispositional hearing in which to demonstrate her recovery. During that time, the circuit court granted petitioner two improvement periods with services that included in-patient drug treatment. Notwithstanding

these efforts, petitioner tested positive for cocaine in June of 2014; admitted to continued drug use in August of 2014; and was removed from in-patient treatment in January of 2015 due to continued drug use and, apparently, for attempting to falsify a drug screen by using another person's sample. It is clear from the record on appeal that petitioner failed to remain drug free or to otherwise demonstrate that she could substantially improve her behavior and complete reunification in the near future. Further, while petitioner argues that the in-patient treatment program for mothers would have permitted her to return to that program and begin anew, it is clear that the circuit court was presented with sufficient evidence to conclude that she was not making the necessary progress to extend this matter. Importantly, petitioner's claim that she could continue her treatment to achieve recovery fails to consider the children's need for stability and permanency. Given petitioner's conduct and the timeframes at issue in child abuse and neglect proceedings, the circuit court did not abuse its discretion in terminating petitioner's dispositional improvement period. Therefore, for those reasons, we find no merit to petitioner's first assignment of error.

Petitioner's second and final assignment of error is that the circuit court erred in terminating her parental rights to E.F. and J.B.[4] Although petitioner argues that termination of her parental rights was not the least-restrictive dispositional alternative in this matter, the record on appeal supports the circuit court's ruling. Pursuant to West Virginia Code § 49-6-5(a)(6), circuit courts are required to terminate parental rights when there is no reasonable likelihood that the conditions of abuse or neglect can be substantially corrected in the near future and when necessary for the welfare of the children. West Virginia Code § 49-6-5(b)(1) and (3) provide that no reasonable likelihood that the conditions of abuse or neglect can be substantially corrected exists when

> (1) The abusing parent . . . [has] habitually abused or [is] addicted to alcohol, controlled substances or drugs, to the extent that proper parenting skills have been seriously impaired and such person or persons have not responded to or followed through the recommended and appropriate treatment which could have improved the capacity for adequate parental functioning;
>
> . . .
>
> (3) The abusing parent . . . [has] not responded to or followed through with a reasonable family case plan or other rehabilitative efforts[.]

---

[4]Under this assignment of error, in two sentences, petitioner asserts that the circuit court's findings were insufficient and incorrect. However, petitioner fails to indicate which of the circuit court's findings, or lack thereof, were insufficient or incorrect. She also fails to support this two-sentence assertion with citations to the record or any legal authority to direct this Court's review to the alleged error. We have explained that "[a] skeletal 'argument,' really nothing more than an assertion, does not preserve a claim . . . ." *State v. Kaufman*, 227 W.Va. 537, 555 n. 39, 711 S.E.2d 607, 625 n. 39 (2011) (*quoting United States v. Dunkel*, 927 F.2d 955, 956 (7th Cir.1991)). Accordingly, we do not address the issue.

Further, we have explained that "[t]ermination . . . may be employed without the use of intervening less restrictive alternatives when it is found that there is no reasonable likelihood . . . that conditions of neglect or abuse can be substantially corrected." Syl. Pt. 7, in part, *In re Katie S.*, 198 W.Va. 79, 479 S.E.2d 589 (1996).

As noted above, petitioner failed to comply with the circuit court's orders and the terms and conditions of her improvement periods. Petitioner acknowledges that she "had partial but not long-lasting success with several drug treatment programs." Under the circumstances of this case, petitioner's stated desire to recover from her drug abuse problem does not satisfy the legal requirement that there be a reasonable likelihood that the conditions of neglect can be substantially corrected in the near future. To the contrary, the evidence clearly established that that there was no such reasonable likelihood and that termination was necessary for the children's stability and permanency. Pursuant to West Virginia Code § 49-4-604, circuit courts are directed to terminate parental rights upon such findings. Therefore, given the circumstances of this case, no less-restrictive dispositional alternatives were necessary, and the circuit court committed no error in terminating petitioner's parental rights.

For the foregoing reasons, the circuit court's July 30, 2015, termination order is hereby affirmed.

Affirmed.

**ISSUED**: **March 7, 2016**

**CONCURRED IN BY**:

Chief Justice Menis E. Ketchum
Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Allen H. Loughry II