**STATE OF WEST VIRGINIA**
**SUPREME COURT OF APPEALS**

**FILED**

**October 19, 2018**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

*In re* **J.B. and S.B.**

**No. 18-0482** (Marion County CC-24-2017-JA-35 and CC-24-2017-JA-36)

## MEMORANDUM DECISION

Petitioner Father R.B., by counsel Heidi M. Georgi Sturm, appeals the Circuit Court of Marion County's April 27, 2018, order terminating his parental rights to J.B. and S.B.[1] The West Virginia Department of Health and Human Resources ("DHHR"), by counsel Brandolyn N. Felton-Ernest, filed a response in support of the circuit court's order. The guardian ad litem ("guardian"), Ashley Joseph Smith, filed a response on behalf of the children in support of the circuit court's order. On appeal, petitioner argues that the circuit court erred in applying the statutory time limits for abuse and neglect proceedings and that expectations during abuse and neglect proceedings create impossible goals for respondents who are struggling with addiction.

---

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W.Va. 254, 773 S.E.2d 20 (2015); *Melinda H. v. William R. II*, 230 W.Va. 731, 742 S.E.2d 419 (2013); *State v. Brandon B.*, 218 W.Va. 324, 624 S.E.2d 761 (2005); *State v. Edward Charles L.*, 183 W.Va. 641, 398 S.E.2d 123 (1990). Additionally, petitioner's counsel filed the appellate brief in accordance with Rule 10(c)(10)(b) of the West Virginia Rules of Appellate Procedure, which provides that

> [i]n extraordinary circumstances, if counsel is ethically compelled to disassociate from the contentions presented in the brief, counsel must preface the brief with a statement that the brief is filed pursuant to Rule 10(c)(10)(b). Counsel should not inject disclaimers or argue against the client's interests. If counsel is ethically compelled to disassociate from any assignments of error that the client wishes to raise on appeal, counsel must file a motion requesting leave for the client to file a pro se supplemental brief raising those assignments of error that the client wishes to raise but that counsel does not have a good faith belief are reasonable and warranted.

Per this Rule, petitioner's counsel filed a motion requesting leave for petitioner to file a pro se supplemental brief. This motion was granted, and petitioner was directed to file a supplemental brief on or before July 16, 2018. Petitioner, however, did not file a supplemental brief.

1

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In March of 2017, the DHHR filed a petition alleging that petitioner's substance abuse negatively affected his ability to parent the children. Additionally, the DHHR alleged that petitioner was arrested for possession of a controlled substance and child neglect creating a risk of injury. Petitioner did not appear for his preliminary hearing, but was represented by counsel. The circuit court continued the DHHR's physical and legal custody of the children.

The circuit court held an adjudicatory hearing in April of 2017 and petitioner stipulated to the allegations of abuse and neglect contained in the petition. The circuit court found that petitioner freely, voluntarily, knowingly, and intelligently waived his right to an adjudicatory hearing, and adjudicated him as an abusing parent. Petitioner moved for a post-adjudicatory improvement period and the circuit court granted his motion. Petitioner's improvement period was later extended in October of 2017. The DHHR filed a motion to revoke petitioner's improvement period in January of 2018. After a hearing later that month, the circuit court revoked petitioner's improvement period.

In April of 2018, the circuit court held the final dispositional hearing. The DHHR presented evidence to show that petitioner participated in services until November of 2017. Additionally, petitioner submitted to drug testing only twice during the proceedings and tested positive for methamphetamine on the most recent test. Finally, petitioner was arrested earlier that month after fleeing from police officers. Ultimately, the circuit court found that there was no reasonable likelihood that the conditions of abuse and neglect could be substantially corrected and that termination of petitioner's parental rights was necessary for the welfare of the children. Accordingly, the circuit court terminated his parental rights in its April 27, 2018, order. Petitioner now appeals that order.[2]

The Court has previously established the following standard of review:

> "Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been

---

[2]The mother's parental rights were also terminated. According to the parties, the permanency plan for the children is adoption in their current foster placement.

committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (2011). Upon our review, this Court finds no error in the proceedings below.

On appeal, petitioner argues that the time limits and expectations during abuse and neglect proceedings create impossible goals for respondents recovering from addiction. However, we note that in his brief before this Court, petitioner failed to include a standard of review, to cite to a single case in support of his argument, and to cite to the appendix record. These failures are in direct contradiction of this Court's Rules of Appellate Procedure and specific directions issued by administrative order.

Specifically, Rule 10(c)(7) of the West Virginia Rules of Appellate Procedure requires that

[t]he brief must contain an argument exhibiting clearly the points of fact *and law* presented, *the standard of review applicable, and citing the authorities relied on.* . . [and] must contain appropriate and specific citations to the record on appeal[.] The Court may disregard errors that are not adequately supported by specific references to the record on appeal.

(emphasis added). Additionally, in an Administrative Order entered December 10, 2012, *Re: Filings That Do Not Comply With the Rules of Appellate Procedure*, the Court specifically noted in paragraph two that "[b]riefs that lack citation of authority [or] fail to structure an argument applying applicable law" are not in compliance with this Court's rules. Further, "[b]riefs with arguments that do not contain a citation to legal authority to support the argument presented and do not 'contain appropriate and specific citations to the record on appeal . . .' as required by rule 10(c)(7)" are not in compliance with this Court's rules. Here, petitioner's brief contains no citations to either applicable law or the record on appeal. "A skeletal 'argument,' really nothing more than an assertion, does not preserve a claim. . . . Judges are not like pigs, hunting for truffles buried in briefs." *State v. Kaufman*, 227 W.Va. 537, 555, 711 S.E.2d 607, 625 (2011) (quoting *U.S. v. Dunkel*, 927 F.2d 955, 956 (7th Cir. 1991)). Petitioner's entire brief is inadequate, as it fails to comply with the administrative order and the West Virginia Rules of Appellate Procedure. Accordingly, this Court will not address petitioner's assignments of error on appeal.

For the foregoing reasons, we find no error in the decision of the circuit court, and its April 27, 2018, order is hereby affirmed.

Affirmed.

3

**ISSUED**:  October 19, 2018


**CONCURRED IN BY**:

Chief Justice Margaret L. Workman
Justice Elizabeth D. Walker
Justice Paul T. Farrell sitting by temporary assignment
Justice Tim Armstead
Justice Evan H. Jenkins

Justice Allen H. Loughry II suspended and therefore not participating.