# STATE OF WEST VIRGINIA
# SUPREME COURT OF APPEALS

**FILED**

**September 13, 2019**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

*In re* **B.C.-1, A.C.-1, and A.C.-2**

**No. 19-0260** (Randolph County 18-JA-30, 18-JA-31, and 18-JA-32)


# MEMORANDUM DECISION


Petitioner Father B.C.-2, by counsel J. Brent Easton, appeals the Circuit Court of Randolph County's February 15, 2019, order terminating his parental rights to B.C.-1, A.C.-1, and A.C.-2.[1] The West Virginia Department of Health and Human Resources ("DHHR"), by counsel Steven R. Compton, filed a response in support of the circuit court's order. The guardian ad litem, Heather M. Weese, filed a response on behalf of the children in support of the circuit court's order. On appeal, petitioner argues that the circuit court abused its discretion in denying his motion for a post-dispositional improvement period and terminating his parental rights.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In March of 2018, the DHHR filed a child abuse and neglect petition alleging that petitioner and the mother engaged in substance abuse and domestic violence in the presence of the children. Specifically, the DHHR alleged that petitioner "choked [the mother] out cold" and that A.C.-2 witnessed this event. The DHHR further alleged that the mother abused methamphetamines and that petitioner allowed her to care for the children "while he [was] out partying." The DHHR contends that petitioner additionally engaged in substance abuse by "shooting up." Finally, the

---

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W. Va. 254, 773 S.E.2d 20 (2015); *Melinda H. v. William R. II*, 230 W. Va. 731, 742 S.E.2d 419 (2013); *State v. Brandon B.*, 218 W. Va. 324, 624 S.E.2d 761 (2005); *State v. Edward Charles L.*, 183 W. Va. 641, 398 S.E.2d 123 (1990). Additionally, because a child and petitioner share the same initials, we refer to them as B.C.-1 and B.C.-2, respectively, throughout this memorandum decision. Likewise, as the other two children share the same initials, we refer to them as A.C.-1 and A.C.-2 throughout this decision.

DHHR reported that the children were not consistently bathed, suffered from lice, and B.C.-1's diaper was not changed regularly. The DHHR removed the children from petitioner's care and he waived his preliminary hearing.

In April of 2018, petitioner stipulated to the allegation that his substance abuse negatively affected his ability to parent the children. The circuit court accepted petitioner's stipulation and adjudicated the children as abused children and petitioner as an abusing parent. Petitioner moved for a post-adjudicatory improvement period, which the circuit court ultimately granted in May of 2018.

In February of 2019, the circuit court held the final dispositional hearing and heard evidence regarding petitioner's participation during his post-adjudicatory improvement period. The evidence showed that petitioner tested positive for buprenorphine on every drug screen to which he submitted but never provided a prescription for that substance, despite his testimony concerning treatment in Virginia and the DHHR's numerous requests for documents confirming his alleged prescription. In regard to services, the evidence showed that petitioner did not fully participate in therapy, adult life skills and parenting classes, or supervised visitations. Petitioner's therapy provider testified that petitioner attended only two sessions and missed the remaining scheduled appointments. The parenting class and supervised visitation provider testified that, although petitioner was initially compliant, his participation waned in August of 2018, and he ceased contact with the provider in November of 2018. Following this testimony, petitioner moved for a post-dispositional improvement period.

Ultimately, the circuit court found that petitioner was unsuccessful in his post-adjudicatory improvement period due to his noncompliance with services. Further, the circuit court denied petitioner's motion for a post-dispositional improvement period because petitioner failed to present evidence that he was likely to fully participate in a second improvement period. Finally, the circuit court found that there was no reasonable likelihood that the conditions of abuse and neglect could be substantially corrected in the near future and that termination of petitioner's parental rights was necessary for the welfare of the children. Accordingly, the circuit court terminated petitioner's parental rights by order dated February 15, 2019. Petitioner now appeals that order.[2]

The Court has previously established the following standard of review:

"Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left

_____

[2]The mother voluntarily relinquished her parental rights during the proceedings below. According to the parties, the permanency plan for the children is adoption in their current placement.

2

with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W. Va. 89, 717 S.E.2d 873 (2011). Upon our review, this Court finds no error in the proceedings below.

On appeal, petitioner argues that the circuit court abused its discretion in denying his motion for a post-dispositional improvement period as he presented evidence that he "largely participated" in his post-adjudicatory improvement period which established that he would fully participate in a second improvement period. Petitioner asserts that West Virginia Code § 49-4-610 allows for "up to twelve months for improvement periods" because some parents will take longer to remedy the conditions of abuse and neglect. Petitioner argues he should have been granted this additional time. We find petitioner is entitled to no relief.

Petitioner's argument fails to acknowledge a critical requirement set forth in the West Virginia Code for the granting of a second improvement period during an abuse and neglect proceeding. West Virginia Code § 49-4-610(3)(D) provides that a circuit court may only grant an additional improvement period following the expiration of the initial period if "the [parent] has experienced a substantial change in circumstances. Further, the [parent] shall demonstrate that due to that change in circumstances, the [parent] is likely to fully participate in the improvement period." Petitioner did not assert a substantial change in circumstances before the circuit court nor does he on appeal. Therefore, petitioner does not meet this statutory requirement and was not entitled to a post-dispositional improvement period.

Further, West Virginia Code § 49-4-610(3)(B) requires that a parent demonstrate, "by clear and convincing evidence, that the [parent] is likely to fully participate in the improvement period." Contrary to petitioner's argument on appeal, the record provides that petitioner failed to fully participate in services during his post-adjudicatory improvement period. Substantial testimony established that petitioner initially participated in services, but did not participate during the four months prior to the final dispositional hearing. Moreover, petitioner continually tested positive for buprenorphine without presenting a valid prescription, as required by the DHHR. Other than petitioner's testimony, there was no evidence that petitioner was likely to fully participate in a second improvement period. Accordingly, we find no abuse of discretion in the circuit court's denial of petitioner's motion for a post-dispositional improvement period.

Petitioner also asserts that the circuit court abused its discretion in terminating his parental rights. However, in his brief before this Court, petitioner failed to cite a single case or the appendix in support of his argument. This failure is in direct contradiction of this Court's Rules of Appellate Procedure and specific directions issued by administrative order. Specifically, Rule 10(c)(7) of the West Virginia Rules of Appellate Procedure requires that

> [t]he brief must contain an argument exhibiting clearly the points of fact and law presented, the standard of review applicable, and citing the authorities relied on,

under headings that correspond with the assignments of error. The argument must contain appropriate and specific citations to the record on appeal, including citations that pinpoint when and how the issues in the assignments of error were presented to the lower tribunal. The Court may disregard errors that are not adequately supported by specific references to the record on appeal.

Additionally, in an Administrative Order entered December 10, 2012, *Re: Filings That Do Not Comply With the Rules of Appellate Procedure*, this Court specifically noted that "[b]riefs that lack citation of authority [or] fail to structure an argument applying applicable law" are not in compliance with this Court's rules. Further, "[b]riefs with arguments that do not contain a citation to legal authority to support the argument presented and do not 'contain appropriate and specific citations to the record on appeal . . .' as required by rule 10(c)(7)" are not in compliance with this Court's rules. *Id.* "A skeletal 'argument,' really nothing more than an assertion, does not preserve a claim . . . . Judges are not like pigs, hunting for truffles buried in briefs." *State v. Kaufman*, 227 W. Va. 537, 555 n.39, 711 S.E.2d 607, 625 n.39 (2011) (quoting *U.S. v. Dunkel*, 927 F.2d 955, 956 (7th Cir. 1991)). Because petitioner's brief with regard to this assignment of error is inadequate and fails to comply with Rule 10(c)(7), we decline to address this argument on appeal.

For the foregoing reasons, we find no error in the decision of the circuit court, and its February 15, 2019, order is hereby affirmed.

Affirmed.

**ISSUED**: September 13, 2019


**CONCURRED IN BY**:

Chief Justice Elizabeth D. Walker
Justice Margaret L. Workman
Justice Tim Armstead
Justice Evan H. Jenkins
Justice John A. Hutchison

4