# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**FILED**

**February 7, 2020**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

*In re* **M.M., L.M., and A.M.**

**No. 19-0540** (Nicholas County 18-JA-67, 18-JA-68, and 18-JA-69)

## MEMORANDUM DECISION

Petitioner Father V.M., by counsel James R. Milam II, appeals the Circuit Court of Nicholas County's May 2, 2019, order terminating his parental and custodial rights to M.M., L.M., and A.M.[1] The West Virginia Department of Health and Human Resources ("DHHR"), by counsel Brandolyn N. Felton-Ernest, filed a response in support of the circuit court's order. The guardian ad litem, Julia R. Callaghan, filed a response on behalf of the children in support of the circuit court's order and a supplemental appendix. Respondent Mother J.M., by counsel Harley E. Stollings, filed a response in support of the circuit court's order and a supplemental appendix. On appeal, petitioner argues the circuit court erred in terminating his parental and custodial rights.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

Following the filing of a child abuse and neglect petition in May of 2018, petitioner stipulated to allegations that he continually insulted and belittled his girlfriend's child, K.W., about her weight to the extent that it caused the child emotional distress.[2] The DHHR amended its petition in June of 2018 to include petitioner's children, M.M., L.M., and A.M., as infant respondents. The circuit court held a second adjudicatory hearing on the amended petition, and petitioner stipulated again to emotionally abusing K.W. Petitioner began a noncustodial post-adjudicatory improvement period, wherein he was required to remain drug and alcohol free,

---

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W. Va. 254, 773 S.E.2d 20 (2015); *Melinda H. v. William R. II*, 230 W. Va. 731, 742 S.E.2d 419 (2013); *State v. Brandon B.*, 218 W. Va. 324, 624 S.E.2d 761 (2005); *State v. Edward Charles L.*, 183 W. Va. 641, 398 S.E.2d 123 (1990).

[2]The initial petition named K.W. and M.W., the children of petitioner's girlfriend, as infant respondents. However, those children are not at issue in this appeal.

1

participate in and complete in-home services, undergo a psychological evaluation, and follow the recommendations of that evaluation, including, but not limited to, anger management classes if required.

The circuit court held the final dispositional hearing in April of 2019 and took judicial notice of petitioner's misdemeanor assault conviction in November of 2018 where petitioner pled guilty to allegations that he threw a vinyl door at K.W. and M.M. The evidence showed that petitioner's children feared him. Video evidence was introduced of petitioner threatening his children, specifically stating, "[r]oll 'em eyes one more time and they are gonna get knocked out" to M.W. Petitioner testified that he did not see anything wrong with what was depicted in the video and did not believe he needed to improve his parenting. Petitioner further claimed that he only called K.W. "fat" because she asked him to do so. Additional video evidence was introduced that showed petitioner viewing pornography in the presence of the children. Further, the circuit court found that petitioner had failed to pay child support since October of 2016 without good cause and negligently permitted K.W. and M.M. to operate his four-wheeler without proper safety precautions, which resulted in a broken arm for one girl and a fractured vertebrae for the other. Ultimately, the circuit court found that, despite petitioner's admission to the allegation of abuse, he refused to accept any responsibility for the same and refused to change his behavior. Therefore, the circuit court found that there was no reasonable likelihood that the conditions of abuse and neglect could be substantially corrected in the near future and that it was necessary for the children's welfare to terminate petitioner's parental and custodial rights. The circuit court's decision was memorialized by its May 2, 2019, order. Petitioner now appeals that order.[3]

The Court has previously held

> "Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W. Va. 89, 717 S.E.2d 873 (2011). Upon review, this Court finds no error in the proceedings below.

---

[3]The children's mother, respondent herein, was determined to be a nonabusing parent, and the children have obtained permanency in her custody.

On appeal, petitioner argues that the circuit court erred in terminating his parental and custodial rights. However, in his brief on appeal, petitioner fails to provide the applicable standard of review, any citations to the record, or any legal authority in support of his argument.[4] Petitioner's failure to provide any support for his argument is in violation of Rule 10(c)(7) of the West Virginia Rules of Appellate Procedure, as follows:

> The brief must contain an argument exhibiting clearly the points of fact and law presented, the standard of review applicable, and citing the authorities relied on, under headings that correspond with the assignments of error. The argument must contain appropriate and specific citations to the record on appeal, including citations that pinpoint when and how the issues in the assignments of error were presented to the lower tribunal. The Court may disregard errors that are not adequately supported by specific references to the record on appeal.

Additionally, in an Administrative Order entered December 10, 2012, *Re: Filings That Do Not Comply With the Rules of Appellate Procedure*, this Court specifically noted that "[b]riefs that lack citation of authority [or] fail to structure an argument applying applicable law" are not in compliance with this Court's rules. Further, "[b]riefs with arguments that do not contain a citation to legal authority to support the argument presented and do not 'contain appropriate and specific citations to the record on appeal . . .' as required by rule 10(c)(7)" are not in compliance with this Court's rules. *Id.* "A skeletal 'argument,' really nothing more than an assertion, does not preserve a claim . . . . Judges are not like pigs, hunting for truffles buried in briefs." *State v. Kaufman*, 227 W. Va. 537, 555 n.39, 711 S.E.2d 607, 625 n.39 (2011) (quoting *U.S. v. Dunkel*, 927 F.2d 955, 956 (7th Cir. 1991)). Because petitioner's brief with regard to his lone assignment of error is inadequate and fails to comply with Rule 10(c)(7), we decline to address his argument on appeal.

For the foregoing reasons, we find no error in the decision of the circuit court, and its May 2, 2019, order is hereby affirmed.

Affirmed.

**ISSUED**: February 7, 2020

**CONCURRED IN BY**:

Chief Justice Tim Armstead
Justice Margaret L. Workman
Justice Elizabeth D. Walker
Justice Evan H. Jenkins
Justice John A. Hutchison

---

[4]Petitioner only provides one reference to the West Virginia Code: "The [c]ourt erred in concluding that there was no alternative to termination as set forth in West Virginia Code § 49-4-604." Yet, this brief mention of West Virginia Code § 49-4-604 is not accompanied with any legal analysis.