# STATE OF WEST VIRGINIA
# SUPREME COURT OF APPEALS

*In re* **A.T. and P.S.**

**No. 23-676** (Wood County CC-54-2023-JA-77 and CC-54-2023-JA-78)

## MEMORANDUM DECISION

Petitioner S.T.,[1] the legal guardian of A.T. and custodian of P.S., appeals the Circuit Court of Wood County's November 14, 2023, order terminating her rights to the children, arguing that the court erred in denying her a post-dispositional improvement period, terminating her rights, and denying her post-termination visitation.[2] Upon our review, we determine that oral argument is unnecessary and that a memorandum decision affirming the circuit court's order is appropriate. *See* W. Va. R. App. P. 21.

After the filing of petitions concerning adult respondents and children not at issue in this appeal, the DHS filed a second amended petition in March 2023 alleging that the petitioner abused and neglected the children by virtue of her substance abuse, medical and educational neglect, and emotional abuse. Further, the DHS alleged that the family lacked housing at the time. The record shows that the petitioner is not the biological mother of either child. Instead, she obtained legal guardianship of A.S. and exercised custody of P.S. by virtue of her relationship with that child's father.

At an adjudicatory hearing in May 2023, the petitioner stipulated to the allegations against her, including that she abused substances to the point that her parenting skills were impaired, medically neglected the children as evidenced by the "extremely poor condition of the children's teeth" and one child's untreated ear infection, and neglected the children's education as they had not participated in any schooling since 2021. The circuit court adjudicated the petitioner of abusing

---

[1] The petitioner appears by counsel Travis Sayre. The West Virginia Department of Human Services appears by counsel Attorney General Patrick Morrisey and Assistant Attorney General Lee Niezgoda. Counsel Michael D. Farnsworth Jr. appears as the children's guardian ad litem.

Additionally, pursuant to West Virginia Code § 5F-2-1a, the agency formerly known as the West Virginia Department of Health and Human Resources was terminated. It is now three separate agencies—the Department of Health Facilities, the Department of Health, and the Department of Human Services. *See* W. Va. Code § 5F-1-2. For purposes of abuse and neglect appeals, the agency is now the Department of Human Services ("DHS").

[2] We use initials where necessary to protect the identities of those involved in this case. *See* W. Va. R. App. P. 40(e).

1

and neglecting the children and granted her a post-adjudicatory improvement period. As terms and conditions thereof, the petitioner was required to, among other things, complete a substance abuse assessment and follow all recommendations, complete a parental fitness evaluation, submit to random drug screens, refrain from using drugs and alcohol, and visit with the children.

At a review hearing in June 2023, the DHS moved to terminate the petitioner's improvement period due to her noncompliance. This included the petitioner failing drug screens and "hav[ing] a hard time staying awake at visits," causing the provider to suspect drug use. The court, however, granted the petitioner an extension of her improvement period so that she could attempt intensive out-patient substance abuse treatment before the court considered ordering her to attend in-patient treatment. By the next review hearing in July 2023, the petitioner had not yet started out-patient treatment and was not participating in other required services such as visits with the children and parenting and adult life skills classes. As such, the court terminated the petitioner's improvement period. The petitioner later filed a motion for a post-dispositional improvement period in which she claimed that she began outpatient treatment.

In September 2023, the court held a final dispositional hearing. The evidence established that the petitioner continued in her noncompliance with services, including having failed to appear for her parental fitness evaluation on two occasions, which resulted in the provider refusing to schedule further appointments. Additionally, the petitioner was charged twice for possession of a controlled substance in the preceding month and admitted to abusing fentanyl roughly one week prior to the hearing. At the hearing, the petitioner clarified that she had not begun outpatient treatment despite her assertion in the motion for a post-dispositional improvement period that she had. Instead, the petitioner claimed that she "signed up" for a different treatment program but had not yet started treatment. Based on the evidence, the court found that the petitioner failed to establish that she would participate in a post-dispositional improvement period and denied her motion for the same. Further, the court found that there was no reasonable likelihood that the petitioner could substantially correct the conditions of abuse and neglect and that the children's welfare required termination of her rights, given their need for continuity of caretakers and the time necessary to integrate them into a stable and permanent home environment. As such, the court terminated the petitioner's rights to the children.[3] The court also denied the petitioner post-termination visitation with the children. The petitioner appeals from the dispositional order.

On appeal from a final order in an abuse and neglect proceeding, this Court reviews the circuit court's findings of fact for clear error and its conclusions of law de novo. Syl. Pt. 1, *In re Cecil T*., 228 W. Va. 89, 717 S.E.2d 873 (2011). Before this Court, the petitioner raises a single assignment of error in which she claims that the circuit court erred in denying her motion for a post-dispositional improvement period, terminating her parental rights, and denying her post-

---

[3] We note that the circuit court's order specifically terminated "the parental, custodial, and guardianship rights of [the petitioner]" to A.T. and "any and all rights [the petitioner] may have as a custodian, guardian, or caregiver" to P.S. In accordance with the language of West Virginia Code § 49-4-604(c), and because of the petitioner's specific relationships relative to each child, we will treat this as a termination of the petitioner's custodial and guardianship rights to A.T. and custodial rights to P.S. The parental rights of the father of P.S. were also terminated. The permanency plan for the children is to remain with their mother.

2

termination visitation. However, the petitioner does not provide any actual argument on these issues and, instead, simply alleges that she was willing to overcome her long history of drug use, had a bond with the children, and believes it would be in the children's best interest if the case were remanded to allow her participation in a new improvement period. Simply put, the petitioner has provided no real argument to this Court on any of these issues and she fails to challenge the circuit court's findings in regard to any of its rulings. As we have explained, "[a] skeletal 'argument,' really nothing more than an assertion, does not preserve a claim." *State v. Kaufman*, 227 W. Va. 537, 555 n.39, 711 S.E.2d 607, 625 n.39 (2011) (quoting *United States v. Dunkel*, 927 F.2d 955, 956 (7th Cir. 1991)).

Despite the petitioner's failure to properly preserve these claims, we nonetheless conclude that the circuit court did not err in any of these respects. As set forth above, the circuit court was presented with evidence of the petitioner's almost total lack of compliance during the proceedings and her continued drug use, culminating in two possession charges shortly before the final hearing and an admission to abusing fentanyl only one week prior to disposition. This evidence clearly shows that the petitioner failed to demonstrate that "since the initial improvement period, [she] . . . experienced a substantial change in circumstances" and that "due to that change in circumstances, [she was] likely to fully participate in the improvement period" such that an additional improvement period was appropriate. *See* W. Va. Code § 49-4-610(3)(D). Additionally, the circuit court has discretion to deny an improvement period when no improvement is likely, and we conclude that no abuse of that discretion occurred below. *See In re Tonjia M.*, 212 W. Va. 443, 448, 573 S.E.2d 354, 359 (2002). The evidence also supports the court's finding that there was no reasonable likelihood that the petitioner could substantially correct the conditions of abuse and neglect at issue, and also demonstrated that the children's welfare required termination. Circuit courts are permitted to terminate guardianship and custodial rights upon these findings, which the petitioner does not challenge on appeal. *See* W. Va. Code § 49-4-604(c)(6). Finally, post-termination visitation is appropriate only when "[t]he evidence . . . indicate[s] that such visitation or continued contact would not be detrimental to the child's well being and would be in the child's best interest." Syl. Pt. 11, in part, *In re Daniel D.*, 211 W. Va. 79, 562 S.E.2d 147 (2002) (quoting Syl. Pt. 5, *In re Christina L.*, 194 W. Va. 446, 460 S.E.2d 692 (1995)). Given the petitioner's willingness to appear for visits with the children while under the influence, it is clear that continued contact would not be in their best interests. Again, we must stress that the petitioner does not challenge any of these findings or conclusions on appeal and, instead, simply asserts that she believed a different outcome was appropriate. For these reasons, we conclude that she is entitled to no relief.

For the foregoing reasons, we find no error in the decision of the circuit court, and its November 14, 2023, order is hereby affirmed.

Affirmed.

**ISSUED**: November 6, 2024

3

**CONCURRED IN BY**:

Chief Justice Tim Armstead
Justice Elizabeth D. Walker
Justice John A. Hutchison
Justice William R. Wooton
Justice C. Haley Bunn