## STATE OF WEST VIRGINIA

Mercer Mall,
Bluefield, West Virginia,
Plaintiff Below, Petitioner

**FILED**

**March 11, 2019**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

vs)  No. 18-0213 ( Mercer County 17-C-146)

Sharon Gearhart,
Assessor, Mercer County, and
The County Commission of
Mercer County, West Virginia,
Defendants Below, Respondents

## MEMORANDUM DECISION

Petitioner Mercer Mall, by counsel Herschel H. Rose, III, appeals the February 21, 2018, order of the Circuit Court of Mercer County that determined the Mercer County Assessor's $19,011,800 assessment of the Mercer Mall was fair and equitable. Respondents Sharon Gearhart and the County Commission of Mercer County, by counsel, Mercer County Prosecuting Attorney George V. Sitler, filed a response, to which petitioner filed a reply brief.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the order of the circuit court is appropriate under Rule 21 of the Rules of Appellate Procedure.

This matter arises from the real property assessment of the Mercer Mall, a regional enclosed shopping mall, in Bluefield, West Virginia. For the 2017 tax year, Respondent, Mercer County Assessor Sharon Gearhart ("the Assessor"), assessed the property for $19,011,800. On February 6, 2017, Petitioner Mercer Mall, appeared before the County Commission of Mercer County ("the Commission"), sitting as the Board of Equalization and Review, to contest the assessment by the Assessor. In support of its position, petitioner subsequently presented the appraisal of Mike Hazelwood, a licensed general appraiser, who performed an appraisal ("Hazelwood appraisal") of the Mercer Mall in 2017, and appraised the value of the mall at $10,000,000.

The hearing continued on February 27, 2017. At that hearing, the Commission acknowledged receipt of the Hazelwood appraisal, but determined that it was based on the income approach, rather than the cost approach and was therefore inapplicable. The Commission voted that the correct assessment was $19 million, as determined by the Assessor. Petitioner appealed

1

the Commission's decision to the Mercer County Circuit Court, where the circuit court determined that the record below was inadequate to support the Commission's ruling, and remanded the matter to the Commission for development of the record.

A final hearing was held on November 29, 2017. At that hearing, the Commission again determined that the Assessor's valuation was correct. Jeff Price, a Deputy Assessor, testified that the $19 million appraisal came from the sale of the property recorded in 2005, or 2007. At the time of the sale the appraised value was reduced from $32 million to $19 million, approximately $22 per square foot. Mr. Price testified that he compared the Mercer Mall to malls in Beckley, Bridgeport, and Huntington, and that the square foot valuation of Mercer Mall was the lowest of the four. Mr. Price testified that the assessor also took note of a comparable strip mall, located in Bluefield, West Virginia, that sold for $28.83 per square foot in 2017.

On February 16, 2018, the Commission reported its findings to the Circuit Court of Mercer County. The report noted that the majority of assessors in West Virginia utilize the "cost-minus depreciation" method to arrive at an appraised value, and utilizing that method, the Assessor assessed the Mercer Mall at $19,011,800, for the year 2017. The Commission noted further that petitioner submitted an appraisal that used the income approach to appraise value, but asserted that the income approach is typically only used for low income housing properties, and not to assess other commercial properties.

The Commission determined that the Assessor provided sufficient data to support this assessment including: (1) information regarding the recent sale of a mall in Bluefield, that sold for a purchase price of $28.83 per square foot; (2) that the average daily traffic count on US 460 on Cumberland Road near Mercer Mall is slightly more than 16,000; (3) that the valuation of $23.75 has not increased for several years, "in order to help the mall through a prolonged economic downturn[;]" (4) that regionally, the Crossroads Mall in Beckley is assessed at $40.58 per square foot, the Huntington Mall is assessed at $39.41 per square foot, the Meadowbrook Mall is assessed at $42.03 per square foot; and (5) the Crossroads Mall in Raleigh recently sold for $33 per square foot. Further, the Commission took notice that Assessor Gearhart testified that her office has adopted a long-term strategy of maintaining the petitioner's assessment at a modest level

Based upon this report, by order entered February 21, 2018, the circuit court found that the Commission did not abuse its discretion, and properly appraised the value of the Mercer Mall at $23.75 per square foot. The circuit court determined that the commission compared the value of the Mercer Mall with the 2017 sale of a similar mall in Bluefield, West Virginia, and reviewed the value of similarly situated shopping malls to reach its conclusion. Petitioner now appeals the February 21, 2018 order.

Petitioner asserts that the circuit court erred by upholding the County Commission's finding that it would only consider an appraisal using the cost approach to valuation, and rejecting the Hazelwood appraisal presented by petitioner. Regarding the assessment of real property, we have held that,

> "[a]s a general rule, there is a presumption that valuations for taxation purposes fixed by an assessor are correct. . . . The burden is on the taxpayer

challenging the assessment to demonstrate by clear and convincing evidence that the tax assessment is erroneous." Syllabus point 2, in part, *Western Pocahontas Properties, Ltd. v. County Commission of Wetzel County,* 189 W.Va. 322, 431 S.E.2d 661 (1993).

Syl. Pt. 5, *Stone Brooke Ltd. P'ship v. Sisinni*, 224 W. Va. 691, 688 S.E.2d 300 (2009). Further,

> [i]n a case involving the assessment of property for taxation purposes, which does not involve the violation of a statute governing the assessment of property, or a violation of a constitutional provision, or in which a question of the constitutionality of a statute is not involved, this Court will not set aside or disturb an assessment made by an assessor or the county court, acting as a board of equalization and review, where the assessment is supported by substantial evidence." Syllabus point 2, *In re Tax Assessments Against the Southern Land Co.,* 143 W.Va. 152, 100 S.E.2d 555 (1957), *overruled on other grounds by In re the Assessment of Shares of Stock of the Kanawha Valley Bank,* 144 W.Va. 346, 109 S.E.2d 649 (1959).

Syl. Pt. 2, *Stone Brooke*.

Petitioner complains that the circuit court erred by "summarily" rejecting the appraisal presented by petitioner's witness and in not adopting the income approach to valuation. Petitioner notes that after the February 6, 2017, hearing, petitioner presented a fee appraisal within two weeks, and had an appraiser prepared to testify before the Commission, but complains that his appraisal was rejected because the appraiser used the income approach. The West Virginia Code of State Rules § 110-1P-3.2 recognizes three different appraisal methods for determining "the value of industrial and commercial real properties." Pursuant to West Virginia Code of State Rules § 110-1P-3.2.1, "the Tax Commissioner shall consider and use where applicable, three (3) generally accepted approaches to value: (A) cost, (B) income, and (C) market." In addition, appraisals must consider a variety of factors, as enumerated in West Virginia Code of State Rules §110-1P-3.1.1.1-3.1.1.10.

Petitioner argues that the income approach to valuation is most appropriate in this circumstance, and is as valid as the cost or market approach in the valuation of the property. We have long held that,

> "Title 110, Series 1P of the West Virginia Code of State Rules confers upon the State Tax Commissioner discretion in choosing and applying the most accurate method of appraising commercial and industrial properties. The exercise of such discretion will not be disturbed upon judicial review absent a showing of abuse of discretion." Syllabus point 5, *In re Tax Assessment Against American Bituminous Power Partners, L.P.,* 208 W.Va. 250, 539 S.E.2d 757 (2000).

Syl. Pt. 4, *Stone Brooke*. In light of this standard we decline to find that the circuit court erred in not compelling the Commission to use the income approach to valuation. It is well settled that, "[i]t is a general rule that valuations for taxation purposes fixed by an assessing officer are presumed to be correct. The burden of showing an assessment to be erroneous is, of course, upon

the taxpayer, and proof of such fact must be clear." Syl. Pt.7, *In re Tax Assessments Against Pocahontas Land Co.*, 172 W. Va. 53, 303 S.E.2d 691 (1983).

Here, petitioner did not demonstrate that the County Commission abused its discretion in declining to adopt the income approach to valuation. The record reflects that the Assessor was not provided income information for the Mercer Mall in order to conduct its own appraisal using the income approach. Further, the appraisal offered by the Mercer Mall contained a caveat, that "the only financial data analyzed for this appraisal report was provided by [petitioner] and is presumed to be accurate but has not been confirmed by supporting tax statements, accounting statements, or any other documentation." Moreover, the record reflects that the income reported by petitioner did not contain income for one of the large retail outlets on petitioner's property. We have held that, "an assessor need not perform a useless act of considering an appraisal method where the assessor does not have sufficient data to perform that appraisal method." *Lee Trace, LLC v. Raynes*, 232 W. Va. 183, 193, 751 S.E.2d 703, 713 (2013). Accordingly, it is reasonable that the Assessor and the Commission would decline to adopt an appraisal that utilized unsubstantiated income information provided by petitioner in applying the income approach to valuation.

For the foregoing reasons, we affirm[1].

---

[1] Petitioner also argues that the Assessor failed to properly defend her appraisal once presented with petitioner's fee appraisal utilizing the income approach. We have held that,

> [i]t is obvious that where a taxpayer protests his assessment before a board, he bears the burden of demonstrating by clear and convincing evidence that his assessment is erroneous. **Once this is done**, it is incumbent upon the taxing authority to place some evidence in the record to show why its assessment is correct. This, of course, can be done by entering the official appraisal of the State Tax Commissioner as we suggested in *Tug Valley* [*Recovery Center, Inc. v. Mingo County Commission,* 164 W.Va. 94, 261 S.E.2d 165 (1979)].

*W. Pocahontas Properties, Ltd. v. Cty. Comm'n of Wetzel Cty.*, 189 W. Va. 322, 324-25, 431 S.E.2d 661, 663-64 (1993) (emphasis added). Because we find that petitioner failed to meet its burden in proving by clear and convincing evidence that the original assessment was erroneous, we need not address this issue. However, we note that the Assessor placed substantial evidence on the record to defend the appraisal.

Further, petitioner alleges that the circuit court erred in sustaining the decision of the Commission and failed to make adequate findings of fact. However, petitioner provides no citations to the record and failed to argue or adequately brief the issue in this appeal.

> "In the absence of supporting authority, we decline further to review [these] alleged error[s] because [they] have not been adequately briefed." *State v. Allen,* 208 W.Va. 144, 162, 539 S.E.2d 87, 105 (1999). As we stated in *State, Dept. of Health v. Robert Morris N.,* 195 W.Va. 759, 765, 466 S.E.2d 827, 833 (1995), " '[a] skeletal "argument," really nothing more than an assertion, does not preserve a claim. . . . Judges are not like pigs, hunting for truffles buried in briefs.' " (*quoting United*

Affirmed.

**ISSUED:** March 11, 2019

**CONCURRED IN BY:**

Chief Justice Elizabeth D. Walker
Justice Margaret L. Workman
Justice Tim Armstead
Justice Evan H. Jenkins
Justice John A. Hutchison

---

*States v. Dunkel,* 927 F.2d 955, 956 (7th Cir.1991)). Furthermore, this Court has adhered to the rule that "[a]lthough we liberally construe briefs in determining issues presented for review, issues . . . mentioned only in passing but are not supported with pertinent authority, are not considered on appeal."

*State v. Kaufman*, 227 W. Va. 537, 555 n.39, 711 S.E.2d 607, 625 n.39 (2011). Accordingly, we will not consider petitioner's argument as to this issue.