# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

*In re* **C.B., Jr., J.B., C.B.-1, C.B.-2, D.B., and W.B.**

**No. 19-1186** (Wayne County 18-JA-62 – 18-JA-67)

**FILED**

**June 24, 2020**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Mother B.B., by counsel Shawn Bartram, appeals the Circuit Court of Wayne County's November 22, 2019, order terminating her parental rights to C.B. Jr., J.B., C.B.-1, C.B.-2, D.B., and W.B.[1] The West Virginia Department of Health and Human Resources ("DHHR"), by counsel Katherine A. Campbell, filed a response in support of the circuit court's order and a supplemental appendix. The guardian ad litem, Kimberly McGann, filed a response on behalf of the children in support of the circuit court's order. On appeal, petitioner argues that the circuit court erred in denying her motion for a post-dispositional improvement period and in terminating her parental rights.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In October of 2018, the DHHR filed a child abuse and neglect petition alleging that petitioner abused controlled substances and was unable to care for the children. The DHHR further alleged that the children were either truant or not properly enrolled in school. Finally, the DHHR alleged that petitioner failed to provide the children with adequate housing.

---

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W. Va. 254, 773 S.E.2d 20 (2015); *Melinda H. v. William R. II*, 230 W. Va. 731, 742 S.E.2d 419 (2013); *State v. Brandon B.*, 218 W. Va. 324, 624 S.E.2d 761 (2005); *State v. Edward Charles L.*, 183 W. Va. 641, 398 S.E.2d 123 (1990). Additionally, two of the children share the same initials and we refer to them as C.B.-1 and C.B.-2, respectively, throughout this memorandum decision. Finally, we note that petitioner's counsel prefaced the brief on appeal in accordance with Rule 10(c)(10)(b) of the West Virginia Rules of Appellate Procedure and sought leave for petitioner to file a pro se supplemental brief. We granted petitioner leave to file a pro se supplemental brief on March 20, 2020; however, petitioner did not file an additional brief.

1

The circuit court continued four adjudicatory hearings over the next five months. Two of those continuances were due to petitioner's absence. During this time, petitioner tested positive for ecstasy and methamphetamine. In March of 2019, petitioner stipulated to the allegations in the petition that she abused methamphetamine and failed to provide the children with adequate housing. The circuit court accepted petitioner's stipulation and adjudicated her as an abusing parent. Petitioner failed to appear for a dispositional hearing in April of 2019, but was represented by counsel. Based upon reports that petitioner had been in contact with the DHHR and her counsel, the circuit court granted her a post-adjudicatory improvement period.

At the final dispositional hearing in November of 2019, the circuit court heard evidence that petitioner produced drug screens positive for methamphetamine and missed multiple drug screens throughout her improvement period. Additionally, the evidence showed that petitioner obtained low income housing, but was evicted from that housing prior to the dispositional hearing. Finally, the court heard evidence that petitioner failed to maintain gainful employment, as required by the terms of her improvement period. Petitioner moved for a post-dispositional improvement period and asserted that she had potential housing and previously undisclosed income. Ultimately, the circuit court concluded that petitioner had been inconsistent in her compliance with the DHHR treatment recommendations and failed to remedy the conditions of abuse and neglect during her improvement period. Further, the court found that there was no reasonable likelihood that the conditions of abuse and neglect could be substantially corrected in the near future and that it was contrary to the children's welfare to be returned to petitioner's custody due to her ongoing substance abuse and lack of suitable housing. Accordingly, the circuit court denied petitioner's motion for a post-dispositional improvement period and terminated petitioner's parental rights by its November 22, 2019, order. Petitioner now appeals that order.[2]

The Court has previously held:

> "Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

---

[2]The parental rights of the children's respective fathers were also terminated below. According to the parties, the circuit court ordered that the siblings be separated for the purpose of placement, and the children were placed in pre-adoptive foster homes. The exception is W.B., who was placed in relative care. The permanency plan for each child is adoption in their respective placements.

Syl. Pt. 1, *In re Cecil T.*, 228 W. Va. 89, 717 S.E.2d 873 (2011). Upon review, this Court finds no error in the proceedings below.

On appeal, petitioner argues that the circuit court erred in denying her motion for a post-dispositional improvement period. She asserts that she was compliant with the directives of the DHHR and that there was sufficient evidence for the circuit court to grant her an additional improvement period. We disagree.

West Virginia Code § 49-4-610(3)(B) provides that the circuit court may grant a parent a post-dispositional improvement period when the parent "demonstrates, by clear and convincing evidence, that the [parent] is likely to fully participate in the improvement period." Further, since petitioner was previously granted a post-adjudicatory improvement period during the proceedings, she was required to "demonstrate[] that since the initial improvement period, [she] has experienced a substantial change in circumstances [and] . . . due to that change in circumstances, [she] is likely to fully participate in the improvement period." W. Va. Code § 49-4-610(3)(D). We have noted that "West Virginia law allows the circuit court discretion in deciding whether to grant a parent an improvement period." *In re M.M.*, 236 W. Va. 108, 115, 778 S.E.2d 338, 345 (2015). "[I]f a parent is unable to demonstrate an ability to correct the underlying conditions of abuse and/or neglect in the near future, termination of parental rights may proceed without the utilization of an improvement period." *In re Charity H.*, 215 W. Va. 208, 216, 599 S.E.2d 631, 639 (2004). Here, petitioner failed to demonstrate that she was likely to participate in an improvement period. Contrary to petitioner's assertion on appeal, the circuit court found that petitioner inconsistently participated in the terms of her case plan. Indeed, the record shows that petitioner continued to produce positive drug screens and failed to report for screening on multiple occasions, and she failed to maintain housing or gainful employment throughout her improvement period. Moreover, petitioner failed to argue below or on appeal that she experienced a substantial change in circumstances that makes her likely to fully participate in an additional improvement period. Accordingly, we find that the circuit court did not err in denying petitioner's motion for an improvement period because she failed to meet the requirements of West Virginia Code § 49-4-610(3)(B).

Petitioner also argues that the circuit court erred in terminating her parental rights because she substantially complied with the terms of her improvement period. She avers that an extension of her improvement period was a more appropriate disposition. However, petitioner's argument on appeal is woefully inadequate, both in terms of complying with this Court's rules and establishing error by the circuit court. Specifically, petitioner fails to cite to a single legal authority that would entitle her to relief, which is in violation of Rule 10(c)(7) of the West Virginia Rules of Appellate Procedure.[3] As this Court has held, "[a] skeletal 'argument,' really nothing more than

---

[3]Rule 10(c)(7) provides as follows:

The brief must contain an argument exhibiting clearly the points of fact and law presented, the standard of review applicable, and citing the authorities relied on, under headings that correspond with the assignments of error. The argument must contain appropriate and specific citations to the record on appeal, including

(continued . . . )

an assertion, does not preserve a claim . . . . Judges are not like pigs, hunting for truffles buried in briefs." *State v. Kaufman*, 227 W. Va. 537, 555 n.39, 711 S.E.2d 607, 625 n.39 (2011) (quoting *U.S. v. Dunkel*, 927 F.2d 955, 956 (7th Cir. 1991)).

Even more critically, petitioner has not even attempted to argue that the circuit court's findings of fact, upon which termination was based, were erroneous. Accordingly, petitioner has waived any right to relief on appeal by failing to identify any alleged error below. Nevertheless, upon our review, we find that the circuit court had ample evidence upon which to base findings that there was no reasonable likelihood that petitioner could substantially correct the conditions of abuse and neglect in the near future and that termination was necessary for the children's welfare. Pursuant to West Virginia Code § 49-4-604(b)(6) (2019),[4] circuit courts may terminate parental rights upon these findings. *See also* Syl. Pt. 5, *In re Kristin Y.*, 227 W. Va. 558, 712 S.E.2d 55 (2011) (holding that termination of parental rights, "the most drastic remedy" in abuse and neglect cases, may be employed "when it is found that there is no reasonable likelihood . . . that conditions of neglect or abuse can be substantially corrected"). Petitioner's failure to cite to any evidence or authority supporting her position is fatal to this assignment of error, and we find that she is entitled to no relief.

For the foregoing reasons, we find no error in the decision of the circuit court, and its November 22, 2019, order is hereby affirmed.

Affirmed.

**ISSUED**: June 24, 2020


**CONCURRED IN BY**:

Chief Justice Tim Armstead
Justice Margaret L. Workman
Justice Elizabeth D. Walker
Justice Evan H. Jenkins
Justice John A. Hutchison

---

citations that pinpoint when and how the issues in the assignments of error were presented to the lower tribunal. The Court may disregard errors that are not adequately supported by specific references to the record on appeal.

[4]Although the Legislature amended West Virginia Code § 49-4-604 effective June 5, 2020, including renumbering the provisions, the amendments do not impact this case.