# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

*In re* **M.A., K.A.-1, and K.A.-2**

**No. 19-0561** (McDowell County 16-JA-93, 16-JA-94, and 18-JA-42)

**FILED**

**June 25, 2020**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Mother R.A., by counsel Marcia L. Hebb, appeals the Circuit Court of McDowell County's May 13, 2019, order terminating her parental and custodial rights to M.A., K.A.-1, and K.A.-2.[1] The West Virginia Department of Health and Human Resources ("DHHR"), by counsel S.L. Evans, filed a response in support of the circuit court's order and a supplemental appendix. The guardian ad litem, Catherine Bond Wallace, filed a response on behalf of the children in support of the circuit court's order. Finally, respondent fathers, by counsel R. Keith Flinchum, filed a response in support of the circuit court's order. On appeal, petitioner argues that the circuit court erred in terminating her parental and custodial rights without affording her an additional opportunity for substance abuse treatment.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In November of 2016, the DHHR filed a child abuse and neglect petition alleging that petitioner abused controlled substances while pregnant with K.A.-1 and that the child was born drug affected. Petitioner later stipulated to substance abuse while pregnant, and the circuit court adjudicated her as an abusing parent. Thereafter, petitioner was granted a post-adjudicatory improvement period. However, in July of 2017, the circuit court found that petitioner's post-adjudicatory improvement period was unsuccessful after petitioner tested positive for controlled substances.

---

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W. Va. 254, 773 S.E.2d 20 (2015); *Melinda H. v. William R. II*, 230 W. Va. 731, 742 S.E.2d 419 (2013); *State v. Brandon B.*, 218 W. Va. 324, 624 S.E.2d 761 (2005); *State v. Edward Charles L.*, 183 W. Va. 641, 398 S.E.2d 123 (1990). Additionally, because two of the children share the same initials, we refer to them throughout this memorandum decision as K.A.-1 and K.A.-2, respectively.

The circuit court held a dispositional hearing in September of 2017, and petitioner moved for a second improvement period. The circuit court ordered that petitioner be given thirty days to enter a rehabilitation program. In October of 2017, petitioner entered into a treatment program to address her mental health and substance abuse issues. In April of 2018, the DHHR filed an amended petition alleging that petitioner gave birth to K.A.-2 and tested positive for controlled substances during her pregnancy with this child. In September of 2018, the guardian filed a motion to terminate petitioner's improvement period and suspend visitation.

In October of 2018, the circuit court held a hearing on the guardian's motion and heard testimony that petitioner struck one of the children in the throat and hit a child with a switch during supervised visitation. The visitation supervisor testified that she did not believe petitioner should ever be left alone with the children because "it was hard to say what she might do to them." Additionally, the circuit court heard evidence that petitioner was not actively participating in drug screens. The court suspended petitioner's visitation until further notice.

In November of 2018, the circuit court held a second adjudicatory hearing on the DHHR's amended petition. The DHHR presented evidence that K.A.-2 tested positive for cocaine after birth and that petitioner tested positive for cocaine during her pregnancy. Additionally, the DHHR presented evidence that petitioner ceased contact with the DHHR in September of 2018. Petitioner presented no evidence. Ultimately, the circuit court adjudicated petitioner as an abusing parent.

The circuit court held the final dispositional hearing in April of 2019. The DHHR presented evidence that petitioner failed to fully participate in her case plan. Additionally, the circuit court heard testimony that petitioner placed "two little baggies of what appeared to be [S]uboxone strips . . . on the same path correctional officers would have taken [when escorting K.B., the father of K.A.-1] back to the holding unit" after the hearing.[2] As a result, petitioner was arrested following the dispositional hearing. The circuit court concluded that there was no reasonable likelihood that petitioner could correct the conditions of abuse or neglect due to her "excessive noncompliance" with her case plan. Further, the circuit court found that it was in the children's best interests to terminate petitioner's parental and custodial rights. Accordingly, the circuit court terminated petitioner's parental and custodial rights and denied any post-termination visitation by its May 13, 2019, order. Petitioner now appeals this order.[3]

The Court has previously held:

"Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the

_____

[2]At the time of the dispositional hearing, K.B. was in the custody of the West Virginia Regional Jail Authority.

[3]K.A.-2's unknown father's parental rights were terminated, and the permanency plan for that child is adoption in her current relative foster placement. M.A. and K.A.-1's fathers retain their parental rights. However, according to the parties, those children are in a relative foster placement with K.A.-2 with a permanency plan of legal guardianship in that placement.

facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W. Va. 89, 717 S.E.2d 873 (2011). Upon review, this Court finds no error in the proceedings below.

On appeal, petitioner argues that the circuit court erred in terminating her parental and custodial rights without affording her another opportunity to participate in substance abuse treatment prior to termination. However, petitioner's brief on appeal is woefully inadequate, both in terms of complying with this Court's rules and in terms of attempting to establish error by the circuit court. Specifically, petitioner fails to cite to a single legal authority that would entitle her to relief, which is in violation of Rule 10(c)(7) of the West Virginia Rules of Appellate Procedure.[4] As this Court has held, "[a] skeletal 'argument,' really nothing more than an assertion, does not preserve a claim . . . . Judges are not like pigs, hunting for truffles buried in briefs." *State v. Kaufman*, 227 W. Va. 537, 555 n.39, 711 S.E.2d 607, 625 n.39 (2011) (quoting *U.S. v. Dunkel*, 927 F.2d 955, 956 (7th Cir. 1991)).

Even more critically, petitioner fails to take the meager step of attempting to argue that the circuit court's findings of fact upon which termination was based were erroneous. Accordingly, petitioner has precluded any relief on appeal by failing to identify any alleged error on the part of the circuit court in imposing termination of her parental and custodial rights. Nevertheless, upon our review, we find that the circuit court had ample evidence upon which to base findings that there was no reasonable likelihood petitioner could substantially correct the conditions of abuse and neglect in the near future and that termination was necessary for the children's welfare. Pursuant to West Virginia Code § 49-4-604(b)(6) (2019),[5] circuit courts may terminate parental

---

[4]Rule 10(c)(7) of the West Virginia Rules of Appellate Procedure provides as follows:

The brief must contain an argument exhibiting clearly the points of fact and law presented, the standard of review applicable, and citing the authorities relied on, under headings that correspond with the assignments of error. The argument must contain appropriate and specific citations to the record on appeal, including citations that pinpoint when and how the issues in the assignments of error were presented to the lower tribunal. The Court may disregard errors that are not adequately supported by specific references to the record on appeal.

[5]Although the Legislature amended West Virginia Code § 49-4-604 effective June 5, 2020, including renumbering the provisions, the amendments do not impact this case.

and custodial rights upon these findings. *See also* Syl. Pt. 5, *In re Kristin Y.*, 227 W. Va. 558, 712 S.E.2d 55 (2011) (holding that termination of parental rights, "the most drastic remedy" in abuse and neglect cases, may be employed "when it is found that there is no reasonable likelihood . . . that conditions of neglect or abuse can be substantially corrected"). Petitioner's failure to cite to any evidence or authority supporting her position is fatal to her appeal, and we find that she is entitled to no relief.

For the foregoing reasons, we find no error in the decision of the circuit court, and its May 13, 2019, order is hereby affirmed.

Affirmed.

**ISSUED**: June 25, 2020

**CONCURRED IN BY**:

Chief Justice Tim Armstead
Justice Margaret L. Workman
Justice Elizabeth D. Walker
Justice Evan H. Jenkins
Justice John A. Hutchison