**STATE OF WEST VIRGINIA**
**SUPREME COURT OF APPEALS**

**State of West Virginia,**
**Plaintiff Below, Respondent**

**vs.) No. 20-0975** (Raleigh County 20-C-379-k)

**Jessie Lee Suttle,**
**Defendant Below, Petitioner**

# MEMORANDUM DECISION

Petitioner Jessie Lee Suttle, self-represented, appeals the November 10, 2020, order of the Circuit Court of Raleigh County denying his motion to suspend his jail fees. The State of West Virginia, by counsel Patrick Morrisey and Karen C. Villanueva-Matkovich, filed a response in support of the circuit court's order. On appeal, petitioner argues that the circuit court erred in denying his motion, in failing to consider his ability to pay the fees, and in failing to make sufficient findings of fact or conclusions of law in the order denying the motion.

The Court has considered the parties' briefs and the record on appeal. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

The underlying facts regarding petitioner's crimes are not readily apparent from either the parties' briefs or the appendix record on appeal. What is clear is that, in October of 2013, petitioner was sentenced to two determinate terms of thirty-five years of incarceration for two counts of second-degree murder, to be served concurrently.

In November of 2020, petitioner, a self-represented litigant, filed a motion in the circuit court asking that any booking fees[1] that he had incurred be suspended until he was released from prison and could seek gainful employment. According to the circuit court's order, petitioner argued that he was ordered to pay certain fees pursuant to West Virginia Code § 62-13-6a,[2] which had been

---

[1]Petitioner uses the terms "booking fees" and "jail fees" interchangeably throughout his brief.

[2]Pursuant to West Virginia Code § 62-13-6a,

1

repealed. As such, petitioner argued that there was no statutory authority for the enforcement of booking fees. Without holding a hearing on the motion, the circuit court denied petitioner relief. The circuit court found that West Virginia Code §15A-5-8,[3] which was enacted in 2018, authorized a $30 jail processing fee that is assessed each time an inmate is incarcerated and provides a mechanism for the collection of said fees. Therefore, the circuit court found that there was no factual basis for the motion. Petitioner appeals the November 10, 2020, order denying his motion.

Our standard of review is as follows: "Where the issue on an appeal from the circuit court is clearly a question of law or involving an interpretation of a statute, we apply a *de novo* standard of review." Syl. Pt. 1, *Chrystal R.M v. Charlie A.L.*, 194 W. Va. 138, 459 S.E.2d 415 (1995).

On appeal, petitioner raises three assignments. First, petitioner argues that the circuit court erred in finding that West Virginia Code § 15A-5-8 authorized fees to be deducted from petitioner's earnings when that statute was enacted several years after petitioner's conviction, violating the constitutional prohibition against ex post facto laws set forth in Article III, Section 4 of the West Virginia Constitution and Article I, Section 10 of the United States Constitution. Further, petitioner contends that West Virginia Code § 62-13-6a did not authorize jail fees to be imposed upon him and, in any event, has since been repealed. Second, petitioner argues that the circuit court erred in not considering his ability to pay these fees. Third, petitioner argues that the order denying his motion fails to contain sufficient findings of fact and that the circuit court should have held an evidentiary hearing.

At the outset, we acknowledge that petitioner filed his brief without representation and, as such, his arguments should be leniently construed. *See Blair v. Maynard*, 174 W. Va. 247, 253, 324 S.E.2d 391, 396 (1984) ("The court should strive . . . to ensure that the diligent *pro se* party does not forfeit any substantial rights by inadvertent omission or mistake."). However, petitioner fails to support his argument with either factual background, citation to case law, or an adequate record.[4] This failure is in direct contravention of this Court's Rules of Appellate Procedure and specific directions issued by administrative order. Specifically, Rule 10(c)(7) of the West Virginia Rules of Appellate Procedure requires that

---

The commissioner of corrections is hereby authorized and directed to pay to the county commission of any county jail fees incurred by escapees of any West Virginia center for boys, the West Virginia industrial home for girls or the West Virginia industrial school for boys when said escapees are confined in said county jails. Said jail fee shall not exceed the sum of four dollars per diem per prisoner.

[3]Pursuant to West Virginia Code § 15A-5-8(a), in part,

A person committed to be housed in jail by order of magistrate, circuit judge, or by temporary commitment order shall, at the time of initial booking into the jail, pay a processing fee of $30. If the person is unable to pay at the time of booking, the fee shall be deducted, at a rate of 50 percent, from any new deposits made into the person's trust account until the jail processing fee is paid in full.

[4]The appendix filed by petitioner on appeal contains only two documents: a copy of the order denying his motion and a photocopy of West Virginia Code § 62-13-6a.

2

[t]he brief must contain an argument exhibiting clearly the points of fact and law presented, the standard of review applicable, and citing the authorities relied on, under headings that correspond with the assignments of error. The argument must contain appropriate and specific citations to the record on appeal, including citations that pinpoint when and how the issues in the assignments of error were presented to the lower tribunal. The Court may disregard errors that are not adequately supported by specific references to the record on appeal.

Additionally, in an Administrative Order entered December 10, 2012, "Re: Filings That Do Not Comply With the Rules of Appellate Procedure," this Court specifically noted that "[b]riefs that lack citation of authority [or] fail to structure an argument applying applicable law" are not in compliance with this Court's rules. Further, "[b]riefs with arguments that do not contain a citation to legal authority to support the argument presented and do not 'contain appropriate and specific citations to the record on appeal . . .' as required by rule 10(c)(7)" are not in compliance with this Court's rules. *Id.* "A skeletal 'argument,' really nothing more than an assertion, does not preserve a claim . . . . Judges are not like pigs, hunting for truffles buried in briefs." *State v. Kaufman*, 227 W. Va. 537, 555 n.39, 711 S.E.2d 607, 625 n.39 (2011) (quoting *U.S. v. Dunkel*, 927 F.2d 955, 956 (7th Cir. 1991)).

Even in leniently reviewing petitioner's brief on appeal, we are unable to conclude that he has established entitlement to relief. Petitioner failed to provide any information regarding his underlying conviction or any information regarding fees he allegedly was required to pay. While petitioner argues that fees were deducted from his earnings pursuant to West Virginia Code § 62-13-6a, he fails to produce an order establishing that he owed fees, failed to produce any recordkeeping of the deductions, and further failed to establish that he was an escapee as noted by the statute. Moreover, petitioner fails to provide the motion filed with the circuit court and, as such, we are unable to conclude whether the circuit court erred in denying the same. While petitioner argues that the circuit court erred in not considering his inability to pay, he failed to provide any documentation establishing that he alerted the circuit court to this claim.

To the extent petitioner argues that the circuit court erroneously applied West Virginia Code § 15A-5-8 retroactively, he failed to adequately brief this claim, failed to support his claim with adequate evidence, and failed to cite to any case law establishing that he has a valid ex post facto claim. Further, although unclear, petitioner seems to argue that ongoing fees are being deducted from his earnings; however, the amount of deductions he claims do not make sense in light of the statutes' plain language. Simply put, petitioner failed to demonstrate that fees are, in fact, being deducted from his earnings; for what reason fees are being deducted; or that the fees are being erroneously deducted. Therefore, we cannot find that petitioner is entitled to relief under these circumstances.

For the foregoing reasons, the circuit court's November 10, 2020, order is hereby affirmed.

Affirmed.

**ISSUED**: February 1, 2022

**CONCURRED IN BY**:

Chief Justice John A. Hutchison
Justice Elizabeth D. Walker
Justice Tim Armstead
Justice Evan H. Jenkins
Justice William R. Wooton