IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| JEFFREY R. McKEE, | ) | No. 37870-5-III |
| | ) | |
| Appellant, | ) | |
| | ) | |
| v. | ) | UNPUBLISHED OPINION |
| | ) | |
| DEPARTMENT OF CORRECTIONS, | ) | |
| | ) | |
| Respondent. | ) | |

LAWRENCE-BERREY, J. — Jeffrey McKee appeals the trial court's summary judgment dismissal of his claims against the Department of Corrections (DOC). We summarily affirm because Mr. McKee intentionally filed an incomprehensible brief.

FACTS

Jeffrey McKee is an inmate in the custody of DOC. In March 2019, he filed suit against DOC. He asserted that DOC violated the Uniform Health Care Information Act (UHCIA), chapter 70.02 RCW, and that several of its policies violated his constitutional rights. In October 2020, the trial court granted DOC's motion for summary dismissal of Mr. McKee's claims. It additionally awarded DOC reasonable attorney fees of $25,000 for prevailing on the UHCIA claim.

No. 37870-5-III
*McKee v. Dep't of Corrections*

Mr. McKee timely appealed.

*Procedure on appeal*

On July 8, 2021, Mr. McKee filed a 137-page opening brief, together with a motion to allow filing of an overlength brief. Our clerk/administrator denied his motion and directed him to file a 50-page opening brief. Letter from Renee Townsley, Clerk of Court, Wash. Ct. of Appeals 3, to Jeffrey R. McKee, *McKee v. Dep't of Corr.*, No. 37870-5-III (Wash. Ct. App. July 12, 2021). Mr. McKee filed a motion to modify our clerk/administrator's ruling. We originally denied his motion, but later entered an amended order allowing Mr. McKee to file an overlength brief of 65 pages. Order Denying Motion to Modify Clerk's Letter Ruling, *McKee v. Dep't of Corr.*, No. 37870-5-III (Wash. Ct. App. Aug. 31, 2021); Am. Order Granting Motion to Modify Clerk's Ruling, *McKee v. Dep't of Corr.*, No. 37870-5-III (Wash. Ct. App. Sept. 7, 2021).

On November 2, 2021, Mr. McKee sought discretionary review of our order. A Supreme Court commissioner denied review. Ruling Denying Review, *McKee v. Dep't of Corr.*, No. 100350-1, (Wash. Dec. 30, 2021). In its denial, the commissioner explained: "Whether to allow additional pages or words for appellate briefing is a matter for the clerk's discretion. RAP 18.17(c). Nothing in Mr. McKee's written submissions or

2

statements at oral argument indicate a compelling need for more pages or words to draft an effective opening brief." *Id.* at 2.

On March 15, 2022, Mr. McKee filed an amended opening brief that contained three appendixes. The appendixes included materials not contained in the record on review. One appendix was his original 137-page brief. Our clerk/administrator rejected Mr. McKee's amended brief and directed him to file a new amended brief. Letter from Tristen Worthen, Clerk of Court, Wash. Ct. of Appeals 3, to Jeffrey R. McKee, *McKee v. Dep't of Corr.*, No. 37870-5-III (Wash. Ct. App. Mar. 21, 2022).

On March 31, 2022, Mr. McKee filed his new amended brief. The new brief is 51 pages, although it could have been 65 pages. It appears that Mr. McKee literally removed words and sentences from his rejected 137-page brief to shorten it to 51 pages.

Mr. McKee's statement of the case consists of incomplete sentences and is difficult if not impossible to decipher. His arguments are wholly nonsensical. By way of example, he writes: "Department argue statute no mention legal property and McKee pay filing fee therefore statute constitutional." Appellant's Br. at 33. This is only one example of hundreds of similarly incomprehensible sentences in his new amended brief.

ANALYSIS

Mr. McKee lists 14 assignments of error. Most relate to discovery issues. Only a handful relate to substantive issues. Even after careful review of his statement of facts and arguments, we are unable to discern the underlying facts nor can we discern why the trial court erred.

DOC argues this court should summarily affirm because Mr. McKee has failed to adequately brief the issues. To prevent similar filings, we agree.

The Rules of Appellate Procedure are intended to enable the court and opposing counsel to efficiently and expeditiously review the accuracy of the factual statements made in the brief and to efficiently and expeditiously review the relevant legal authority. *Litho Color, Inc. v. Pac. Emps. Ins. Co.*, 98 Wn. App. 286, 305-06, 991 P.2d 638 (1999). For this reason, courts should not consider issues that lack adequate, cogent argument and briefing. *Satomi Owners Ass'n v. Satomi, LLC*, 167 Wn.2d 781, 808, 225 P.3d 213 (2009); *Schmidt v. Cornerstone Invs., Inc.*, 115 Wn.2d 148, 160, 795 P.2d 1143 (1990); *Saunders v. Lloyd's of London*, 113 Wn.2d 330, 345, 779 P.2d 249 (1989); *see also United States v. Dunkel*, 927 F.2d 955, 956 (7th Cir. 1991) ("Judges are not like pigs, hunting for truffles buried in briefs.").

DOC notes that Mr. McKee has experience filing proper appellate briefs, so his failure to file a proper brief here appears intentional. Resp't's Br. at 20. We agree. Were we to spend our time hunting for whatever truffles might be buried in Mr. McKee's brief, we would be rewarding bad behavior. We refuse to do so. We summarily affirm the trial court.

*Attorney fees*

DOC, citing RAP 18.1 and RCW 70.02.170(2), requests reasonable attorney fees and costs to the extent it has incurred fees and costs responding to Mr. McKee's UHCIA claims. We grant its request.

Affirmed.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

_____
Lawrence-Berrey, J.

WE CONCUR:

_____          _____
Siddoway, C.J.                              Fearing, J.

5