# Supreme Court of Texas

No. 23-0755

In re State Farm Mutual Automobile Insurance Company
and Lindsey Nicole Dessart,

*Relators*

On Petition for Writ of Mandamus

JUSTICE SULLIVAN, joined by Chief Justice Blacklock, Justice Devine, and Justice Young, concurring.

Suppose you're running late to a movie premiere. It happens. You dip into the theater mid-screening and try to pick up the plot. It's a film noir, though, and you missed the first act. You think to yourself: *Who's this fat man? Why does he need that bird statuette? Is everyone going to pull a gun on Humphrey Bogart?* You're tempted to ask the moviegoers around you, who are following the drama because they were in their seats for the opening credits.

Don't be that guy. There's no need to break their spell with dumb questions—you'll just have to catch a later showing. In the words of Walter Sobchak, "life does not stop and start at your convenience." THE BIG LEBOWSKI (PolyGram Filmed Entertainment & Working Title Films 1998). I join the Court's opinion with this lesson in mind, saving for

another day my many questions and concerns about *Brainard v. Trinity Universal Insurance Co.*, 216 S.W.3d 809 (Tex. 2006).

Some of my questions about *Brainard* were aired by then-Justice Blacklock at oral argument in this case, which was heard a few months before I was honored with an appointment to our collegial Court, and in a "Zoom" argument back in 2020.[1]  But there will be plenty more occasions for head-scratching over *Brainard*.  Indeed, such a recurring drain on scarce judicial resources seems like a real problem.  Perhaps in one of those cases, the parties will join issue on whether *Brainard* should be overruled.[2]

In writing for the Court today, Justice Devine capably and dutifully pens the next chapter of a serial novel that *Brainard* commissioned almost two decades ago.  The Court takes as a given here, as did *In re State Farm Mutual Automobile Insurance Co.*, 629 S.W.3d 866, 875–88 & n.3 (Tex. 2021), that *Brainard*'s reading of the phrase "legally entitled to recover" is sound.  *See Brainard*, 216 S.W.3d at 818 ("[T]his language means the UIM insurer is under no contractual duty to pay benefits until the insured obtains a judgment establishing the

---

[1] *See, e.g.*, Oral Arg. Recording at 17:53–18:49, Cause No. 23-0755 (Tex. Oct. 3, 2024); Oral Arg. Recording at 7:45–12:20, Cause Nos. 19-0791 & 19-0792 (Tex. Dec. 2, 2020).  Confusingly enough, and perhaps tellingly, the foregoing cases are all captioned as *In re State Farm Mutual Automobile Insurance Co.*

[2] In some future case, the parties and our amici might do well to study the vivisection of *Brainard* that Justice Birdwell recently performed in another case.  *See In re Progressive Cnty. Mut. Ins. Co.*, No. 02-25-00039-CV, 2025 WL 450707 (Tex. App.—Fort Worth Feb. 10, 2025, orig. proceeding [mand. denied]) (Birdwell, J., concurring) (op. filed Mar. 20, 2025).

2

liability and underinsured status of the other motorist."); *see also* TEX. INS. CODE § 1952.106.

And why not? After all, "[j]udges are not like pigs, hunting for truffles buried in briefs." *United States v. Dunkel*, 927 F.2d 955, 956 (7th Cir. 1991) (per curiam). *Brainard* is cited just one time in the parties' briefs on the merits, and once more in a recent letter flagging Justice Birdwell's good concurrence. That strikes me as too little, too late. I'm prepared to join the parties in assuming that *Brainard* got it right, at least for purposes of disposing of their case in a timely fashion. *See Ante* at 8 n.21 (citing *Mitschke v. Borromeo*, 645 S.W.3d 251, 263 (Tex. 2022)). On that understanding, I'm pleased to concur.

_____

James P. Sullivan
Justice

**OPINION FILED:** April 25, 2025

3