**STATE OF WEST VIRGINIA**
**SUPREME COURT OF APPEALS**

*In re* **C.N.**

**No. 24-767** (Cabell County CC-06-2022-JA-159)

**MEMORANDUM DECISION**

Petitioner Father J.N.[1] appeals the Circuit Court of Cabell County's December 2, 2024, order terminating his parental rights to C.N., arguing that the circuit court erred by denying him an extension of his improvement period and terminating his parental rights.[2] Upon our review, we determine that oral argument is unnecessary and that a memorandum decision affirming the circuit court's order is appropriate. *See* W. Va. R. App. P. 21.

In November 2022, the DHS filed a petition alleging that the petitioner committed domestic violence against the mother, abused substances, and perpetrated both physical and sexual abuse against C.N. Specifically, according to the DHS, C.N. disclosed that she had witnessed the petitioner choke and strike the mother in the face, which led to the petitioner's arrest and his subsequent guilty plea for first-offense domestic battery. In addition, the DHS alleged that C.N. made disclosures detailing that the petitioner had also choked her, made her watch pornographic videos with him, and once tried to penetrate her while she was sleeping.

At the initial adjudicatory hearing in May 2023, the circuit court accepted the petitioner's stipulation that he exposed the child to domestic violence and adjudicated him of neglecting C.N. The circuit court held in abeyance adjudication on the allegations of physical and sexual abuse until the child completed a court-ordered psychological assessment. The petitioner then filed a motion for a post-adjudicatory improvement period, which the circuit court granted. This improvement period required the petitioner to obtain stable income and housing, complete the batterer intervention and prevention program ("BIPP"), submit to random drug screening, participate in individualized therapy, and complete parenting and adult life skills services. Over the course of several review hearings, culminating in a final review hearing in January 2024, the DHS presented evidence that the petitioner had three positive drug screens and was discharged from parenting and adult life skills services for failing to attend multiple sessions. Additionally, a

---

[1] The petitioner appears by counsel Kerry A. Nessel. The West Virginia Department of Human Services ("DHS") appears by counsel Attorney General John B. McCuskey and Assistant Attorney General Andrew T. Waight. Counsel Juston H. Moore appears as the child's guardian ad litem ("guardian").

[2] We use initials where necessary to protect the identities of those involved in this case. *See* W. Va. R. App. P. 40(e).

1

service provider testified that the petitioner "freaked out" when she attempted to conduct a home assessment, slamming the door in the provider's face and yelling that she was not allowed on his property without prior permission. The DHS also stated that the petitioner had not participated in individualized therapy until late in his improvement period. Otherwise, the petitioner remained compliant with the terms of his improvement period. As such, the circuit court allowed the improvement period to continue.

Later in February 2024, the court reconvened for an adjudicatory hearing on the allegations of physical and sexual abuse. During this time, the petitioner's improvement period expired. At this hearing, the DHS presented evidence of the child's repeated, consistent disclosures to a teacher, Child Protective Services, a forensic interviewer, and a psychologist. The petitioner denied the allegations and claimed that the child fabricated the allegations because of her low intelligence. However, expert testimony highlighted that C.N.'s intelligence level did not affect her ability to recall her abuse. In consideration of all the evidence, the circuit court found that the petitioner physically and sexually abused C.N. and adjudicated him as an abusing parent.

At the dispositional hearing in April 2024, the DHS presented evidence that the petitioner failed to substantially comply with his improvement period as he was no longer employed, did not have stable housing, and had been discharged from parenting services due to his noncompliance. The DHS also proffered that the petitioner and C.N. did not have any contact due to the nature of the allegations and that C.N. remained fearful of the petitioner, declining any form of visitation with him. The petitioner then testified that he had been substantially compliant with his improvement period because he completed BIPP services, had stable employment and housing the "whole time," continued his counseling, and had clean drug screens. However, when asked about his sexual abuse of C.N., the petitioner adamantly denied the abuse occurred and insisted that C.N. was lying. Because of the finding of sexual abuse, the circuit court concluded that there was no reasonable likelihood that the petitioner could substantially correct the conditions of abuse and neglect in the near future. Accordingly, the circuit court terminated the petitioner's parental rights to C.N.[3] The petitioner now appeals from the circuit court's dispositional order.

On appeal from a final order in an abuse and neglect proceeding, this Court reviews the circuit court's findings of fact for clear error and its conclusions of law de novo. Syl. Pt. 1, *In re Cecil T.*, 228 W. Va. 89, 717 S.E.2d 873 (2011). First, the petitioner argues that he should have received an extension of his improvement period. A circuit court *may* grant an extension to an improvement period when it finds "that the respondent has substantially complied with the terms of the improvement period . . . and that the extension is otherwise consistent with the best interest of the child." W. Va. Code § 49-4-610(6). Here, the record demonstrates that the petitioner was not substantially compliant with his improvement period, as he tested positive for drugs, failed to obtain stable employment or housing, was combative with his service provider, did not begin individualized therapy until late in his improvement period, and was discharged from parenting services due to noncompliance. As such, ample evidence shows that the petitioner was not in

---

[3] The mother's parental rights remain intact as she successfully completed her post-adjudicatory improvement period. Permanency for C.N. has been achieved as she was reunified with her mother.

substantial compliance with his improvement period and that an extension was not in C.N.'s best interest. Moreover, upon the finding that the petitioner subjected C.N. to sexual abuse, the DHS was not required to make any further reasonable efforts to preserve the petitioner's family. *See* W. Va. Code § 49-4-604(c)(7)(A) (stating that "the [DHS] is not required to make reasonable efforts to preserve the family if the court determines [t]he parent has subjected the child . . . [to] sexual abuse."). Therefore, the circuit court did not abuse its discretion in denying the petitioner an extension of his improvement period. *See In re Tonjia M.*, 212 W. Va. 443, 448, 573 S.E.2d 354, 359 (2002) (permitting the circuit court discretion to deny an improvement period when no improvement is likely).

Next, the petitioner argues that the circuit court erred in terminating his parental rights because he was substantially compliant with his improvement period and the mother received an alternative disposition. We disagree. Again, the evidence outlined above clearly demonstrated his extensive failures to participate in the terms of his improvement period, and the mother's retention of her parental rights after her successful completion of an improvement period "does not automatically entitle the [petitioner] to retain his[] parental rights if his[] conduct has endangered the child and such conditions of abuse and/or neglect are not expected to improve." *In re Emily*, 208 W. Va. 325, 344, 540 S.E.2d 542, 561 (2000). Moreover, based on the finding of sexual abuse, there was no reasonable likelihood that the petitioner could substantially correct the conditions of abuse in the near future. *See* W. Va. Code § 49-4-604(d)(5) (stating that "[n]o reasonable likelihood that the conditions of neglect or abuse can be substantially corrected" exists when "the abusing parent . . . [has] sexually abused" the child). We have consistently held that this finding permits circuit courts to terminate parental rights. *See* W. Va. Code § 49-4-604(c)(6) (permitting termination of parental rights "[u]pon a finding that there is no reasonable likelihood that the conditions of neglect or abuse can be substantially corrected in the near future and, when necessary for the welfare of the child"); Syl. Pt. 5, *In re Kristin Y.*, 227 W. Va. 558, 712 S.E.2d 55 (2011) (permitting termination of rights "when it is found that there is no reasonable likelihood . . . that conditions of neglect or abuse can be substantially corrected." (quoting Syl. Pt. 2, *In re R.J.M.*, 164 W. Va. 496, 266 S.E.2d 114 (1980))). Therefore, the circuit court did not commit error in terminating the petitioner's parental rights.[4]

For the foregoing reasons, we find no error in the decision of the circuit court, and its December 2, 2024, order is hereby affirmed.

Affirmed.

---

[4] Underlying his argument, the petitioner also asserts that there was not enough evidence of sexual abuse to support his adjudication on such grounds. However, the petitioner fails to set forth a specific assignment or error or cite to any controlling law for this issue, as required by Rule 10(c)(7) of the West Virginia Rules of Appellate Procedure. Therefore, we decline to address this error. *See State v. Kaufman*, 227 W. Va. 537, 555 n.39, 711 S.E.2d 607, 625 n.39 (2011) ("[A] skeletal 'argument,' really nothing more than an assertion, does not preserve a claim . . . . Judges are not like pigs, hunting for truffles buried in briefs." (quoting *United States v. Dunkel*, 927 F.2d 955, 956 (7th Cir.1991))).

**ISSUED**: November 4, 2025

**CONCURRED IN BY**:

Justice C. Haley Bunn
Justice Charles S. Trump IV
Justice Thomas H. Ewing
Senior Status Justice John A. Hutchison

**NOT PARTICIPATING:**

Chief Justice William R. Wooton