ARMED SERVICES BOARD OF CONTRACT APPEALS

| | | |
|---|---|---|
| Appeals of - | ) | |
| | ) | |
| Sayar Development Inc. | ) | ASBCA Nos. 63871, 63894 |
| | ) | 64191, 64227 |
| | ) | |
| Under Contract No. W90U42-11-P-2062 | ) | |

APPEARANCE FOR THE APPELLANT:       Mr. Shamsullah Sayar
                                                                      President

APPEARANCES FOR THE GOVERNMENT:   Dana J. Chase, Esq.
                                                                      Army Chief Trial Attorney
                                                                    CPT Sana H. Daniell, JA
                                                                      Trial Attorney

<u>OPINION BY ADMINISTRATIVE JUDGE D'ALESSANDRIS ON APPELLANT'S
MOTION FOR RECONSIDERATION</u>

Pending before the Board is the motion for reconsideration filed by appellant, Sayar Development, Inc. (SDI). As detailed in our August 6, 2025 decision, the Army entered into two contracts with SDI, one in 2010 referred to as the D-2006 contract, and a second in 2011 referred to as the P-2062 contract. The D-2006 contract was an indefinite delivery, indefinite quantity (IDIQ) contract for material handling equipment (MHE). We granted the government's motion to dismiss with regard to ASBCA No. 63894, appellant's claim that the government failed to order the minimum quantities on the D-2006 contract because SDI did not first submit a claim to the contracting officer (CO). We denied the government's motion to dismiss, and in the alternative for summary judgment with regard to ASBCA No. 63871, appellant's claim alleging unpaid amounts on the P-2062 contract. We also granted the government's motion to dismiss with regard to ASBCA No. 64191 alleging Contractor Performance Assessment Reporting (CPAR) violations, misconduct, immigration and civil rights violations with regard to the P-2062 contract, again for failure to submit a claim to the CO. Additionally, we held that we lacked jurisdiction to entertain SDI's challenge to the termination for default of the P-2062 contract (ASBCA No. 64227).

SDI timely filed a motion for reconsideration, seeking to relitigate a host of issues already decided, as well as raising new and irrelevant claims, many of which are beyond the limited jurisdiction of this Board. We grant SDI's motion for reconsideration with regard to the D-2006 contract (ASBCA No. 63894), and dismiss on the alternative ground that SDI's claim was over $100,000 and was not certified.

<u>DECISION</u>

A motion for reconsideration is not the place to present arguments previously made and rejected. "[W]here litigants have once battled for the court's decision, they should neither be required, nor without good reason permitted, to battle for it again." *Dixon v. Shinseki*, 741 F.3d 1367, 1378 (Fed. Cir. 2014) (quoting *Official Comm. of the Unsecured Creditors of Color Tile, Inc. v. Coopers & Lybrand, LLP*, 322 F.3d 147, 167 (2d Cir. 2003)). Moreover, "[m]otions for reconsideration do not afford litigants the opportunity to take a 'second bite at the apple' or to advance arguments that properly should have been presented in an earlier proceeding." *Dixon*, 741 F.3d at 1378; *see also Avant Assessment, LLC*, ASBCA No. 58867, 15-1 BCA ¶ 36,137 at 176,384. On the other hand, if we have made mistakes in the findings of fact or conclusions of law, or by failing to consider an appropriate matter, reconsideration may be appropriate. *See Robinson Quality Constructors*, ASBCA No. 55784, 09-2 BCA ¶ 34,171 at 168,911; *L&C Europa Contracting Co.*, ASBCA No. 52617, 04-2 BCA ¶ 32,708. The Board summarized the standard for reconsideration stating "[i]n short, if we have made a genuine oversight that affects the outcome of the appeal, we will remedy it." *Relyant, LLC*, ASBCA No. 59809, 18-1 BCA ¶ 37,146 at 180,841.

SDI filed a 215 page motion for reconsideration, a 53 page reply brief and a host of additional, cumulative, irrelevant, and frivolous filings. These filings, all submitted after the Board's August 6, 2025 decision, include *inter alia*, Sayer's "Formal Rejection and Return" of the Board's August 6, 2025 decision (dkt. 129); "Motion to Challenge False Statement and Judicial Misconduct" (dkt. 132); "Motion to Challenge 2nd False Statement and Judicial Misconduct" (dkt. 133); "Motion to Challenge 3rd False Statement . . . and Motion for Judge Disqualification" (dkt. 134); "Litigation Hold and Spoliation Warning" (dkt. 138); "Challenge to the Authenticity of Judge D'ALESSANDRIS' Decision as Contrary to the Record" and "Wrongdoing: Judge's Bad Faith and Specific Intent to Injure SDI by Judge D'ALESSANDRIS" (dkt. 142); "Complaint to the U.S. Office of Special Counsel" (dkt. 149); "Notice of Non-Acknowledgment of Motion for Reconsideration, Cross-Motion for Record Correction, and Record Suppression" (dkt. 150); "Appellant's Motion to Vacate Tainted Rulings and to Refer Appeals to the Senior Deciding Group" (dkt. 155); "Formal Complaint of Judicial Misconduct and Procedural Denial of Due Process" (dkt. 157); "Formal Complaint – Fraud & Misconduct and Request for Investigation" (dkt. 162); "Emergency Complaint of Judicial Misconduct; APPELLANT'S MOTION TO STRIKE, FOR DEFAULT JUDGMENT, AND FOR SANCTIONS; MOTION TO CHAIRMAN THRASHER FOR RECUSAL REVIEW" (dkt. 164); "EMERGENCY MOTION TO VACATE AUGUST 6, 2025 OPINION FOR PROVEN INTENTIONAL JUDICIAL FRAUD ON THE RECORD" (dkt. 167); "NOTICE OF RELATED PROCEEDING DoD OIG FOIA Appeal" (dkt. 168); "EMERGENCY MOTION FOR DEFAULT JUDGMENT" (dkt. 172); "Notice of Removal – Government Counsel Misconduct, Fraud on the Board, and Request for Explanation"

2

(dkt. 173); "Urgent Notice – U.S. Court of Federal Claims Case No. 1:25-cv-01993-SSS (Patent Claim Under 28 U.S.C. § 1498); Unauthorized MHE Use and Required Government Answer by 01/19/2026" (dkt. 175); "SUPPLEMENTAL EMERGENCY MOTION: CFC CASE 1:25-CV-01993-SSS INITIATED – DEMAND FOR IMMEDIATE RULE 17 REFERRAL" (dkt. 176); and "SDI"S MOTION TO REFER CONTRACTING OFFICER FRAUD FOR PROSECUTION AND REQUEST RELATED RELIEF" (dkt. 180).

After filing its reply brief in support of its motion for reconsideration, SDI submitted its "master index" of 640 purported procedural wrongdoings pertaining to its claims (dkt. 187). In addition, SDI filed a "COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF" (dkt. 174) purporting to be a copy of a complaint filed in the United States District Court for the Eastern District of Virginia seeking relief against the United States and John J. Thrasher in his official capacity as Chairman of the Armed Services Board of Contact Appeals.[1]

We have reviewed SDI's motion for reconsideration and reply brief, as well as the numerous filings not provided for by the Board's rules, and have considered all of Sayar's arguments. SDI's motions, other than the motion for reconsideration are denied. SDI's motion for reconsideration is granted with regard to its argument that Tab 23 is a request for a CO's final decision, however, we still grant the government's motion to dismiss because SDI's claim is not certified. SDI's motion for reconsideration on all other issues is denied. SDI's motion raises 34 separate "grounds" for reversal (app. mot. at 22-25) but its allegation that Tab 23 constitutes a CDA claim is the only argument worthy of discussion. The remainder of SDI's arguments are denied despite not being specifically addressed in this decision.

We note that SDI's arguments include many requests that are beyond the Board's jurisdiction, or that are simply irrelevant, including a request for a "signature authentication audit" (app. mot. at 27); allegations of Fifth Amendment due process violations (*id.* at 32); Administrative Procedure Act violations (*id.* at 43); Federal Records Act violations (*id.* at 80); obstruction of justice (*id.* at 100); violations of the DOJ Justice Manual (*id.* at 104), violations of the GAO Standards for Internal Control in the Federal Government (*id.* at 141); Racketeer Influenced and Corrupt Organizations (RICO) violations (app. reply br. at 3); and violations of the Anti-Deficiency Act (*id.* at 21). SDI also alleges multiple violations of Board Rule 17, which, it contends, requires the referral of fraud to the Department of Justice, and Department of Defense Office of the Inspector General, and Office of Professional Responsibility (app. mot. *passim*). In fact, Board Rule 17 addresses "Dismissal or

---

[1] As of this date, we see no evidence that Sayar's complaint has actually been filed in the Eastern District of Virginia.

Default for Failure to Prosecute or Defend."  The Board does not have a rule regarding fraud referrals.

Moreover, we note that SDI includes in the text of its motion and reply brief editorial comments provided by artificial intelligence or someone purporting to have legal knowledge.  For example its motion contains the following passage:  "**SDI's Argument:** The Government is trying to close the door on your **2011 contract claim ($41,166.19 / Invoice 9 + other invoices)** by arguing accrual in **Jan/Feb 2012** and saying you sat silent for 12 years.  Here's how you flip it into your Cross-Motion / Opposition" (app. mot. at 14) (emphasis in original).  An additional passage asks, "Would SDI like me to now **re-draft SDIr Motion for Reconsideration's 'Statement of Facts'** section so it clearly separates the two contracts (terminated vs. IDIQ) and emphasizes the $27M obligation?  That way, the judge can't gloss over it" (app. mot. at 36) (emphasis in original).  Following a response to one of the government's proposed findings of fact from the summary judgment motion, SDI's motion contains the language "*(Repeat this format for each numbered SUMF paragraph: Admit/Deny/Disputed + your precise record cites.)*;" however, no additional responses to proposed finding follow (app. mot. at 84) (emphasis in original).  SDI also failed to follow the advice that it should summarize its 83 alleged wrongdoings "to avoid overwhelming the reviewer" (app. reply br. at 25).

In our August 6, 2025 decision, we stated that SDI had not submitted a claim to the CO for final decision alleging that the government failed to satisfy the minimum ordering requirements.  *Sayar Dev., Inc.*, ASBCA No. 63871 *et al.*, 25-1 BCA ¶ 38,883 at 189,268.  In its motion for reconsideration SDI contends that this statement is in error because tab 23 of appellant's appendix for the D-2006 contract is a request for a CO's final decision, and that the Board possesses jurisdiction to entertain that claim on a deemed denial basis (app. mot. at 9).  As an initial matter, we are unable to find any citation to Tab 23 by SDI in any of its voluminous filings prior to the Board's August 6, 2025 decision.[2]  SDI's failure to raise the issue in response to the government's dispositive motion would, alone, be reason to deny its motion for reconsideration.  *Dixon*, 741 F.3d at 1378.  However, given that SDI is appearing *pro se*, we will entertain its argument.  We find that SDI's Tab 23 is a claim, but find that we lack jurisdiction to entertain SDI's claim in ASBCA No. 63894 regarding the D-2006 contract, because the claim was not certified.

---

[2] Given the number, and length, of Sayar's filings, we are not prepared to state that Tab 23 was not mentioned; however, "Judges are not like pigs, hunting for truffles buried in briefs." *United States v. Dunkel*, 927 F.2d 955, 956 (7th Cir. 1991).  It was Sayar's responsibility to direct the Board to a potentially relevant jurisdictional document after the government placed jurisdiction in question.

Tab 23 purports to be a February 16, 2013 letter to an Air Force CO "Re: Asking for Option year two and Minimum Order of Contract No. W90U42-10-D-2006" (app. supp. R4, tab 23 (D-2006 contract)).  The body of the message provides:

> Refer to Contract that is for 3 years.  So, now the Option year one is completed withouth Minimum Granted Order and the 3rd year Option year two is started.  So, for this SDI Asking for your Decision to be final about Contract, Minimum Granted Order and our Standby MHE in Sharan. If Governament no need for MHE.  So, please let me know.  Becouse, the unknown condation of contract cuase allot of loses for my company and will cuase bankrupt.
>
> Please give me email address Chief of Contracting of FOB Sharan Contracting office to I share this Problem with him. I have respect to you and your team effort.
>
> At end again SDI Asking for written Decision of your to be Final about Contract and Process attached our Minimum Granted Orders Invoices.

(*Id.*) (spelling and punctuation in original)

Although the document requests a written decision "to be final" it appears that SDI is requesting a decision on whether the government will exercise an option year, rather than seeking a final decision on its claim regarding unpaid invoices (*id.*).  SDI contends that Tab 23 is just part of a submission that included the invoices at Tabs 8, 16, 18, and 20, for allegedly unsatisfied minimum orders, and points to the language at the end of tab 23 stating "attached our Minimum Granted Orders Invoices" (app. reply at 2, 11).  In response to the government's argument that SDI is not asserting a claim, SDI cites in its reply brief to one of the many documents that it has identified as "Exhibit A" as proof that the document at Tab 23 was accompanied by invoices that it submitted for payment (app. reply at 11).  This "Exhibit A" purports to be an email dated February 20, 2013, from an Army contracting officer, stating:

> I Received You're [sic] Invoice no: 0013 mobilization amount $62,580, Invoice no: 0014 minimum guaranteed amount of base period for $204,400, invoice no: 0018 minimum granted amount for option year one for amount of $600,000 and invoice no: 021 minimum granted amount for option year two for amount of $600,000.

5

It was just sent to chief of contracting office for final decision and approval and then we will process to the DFAS for payment. . . .

(app. reply at 11). SDI does not identify whether this document was previously submitted to the Board. It may have been included in SDI's submission of 187 documents[3] on October 6, 2025, or another of its voluminous filings, but we have not been able to locate the document. It was not contained in appellant's Rule 4 supplement filed prior to the Board's August 6, 2025 decision. Thus, this appears to be another new argument raised for the first time in SDI's reply brief in support of its motion for reconsideration. Once again, this new argument is not properly before the Board, *Dixon*, 741 F.3d at 1378, but we will consider the argument given SDI's *pro se* status.

The government opposes SDI's motion for reconsideration. Regarding SDI's argument that Tab 23 constitutes a request for a CO's final decision, the government argues that: 1) Tab 23 is not a request seeking payment of a sum certain and does not put the CO on notice of a claim; 2) even if Tab 23 incorporates invoices such that it is a claim seeking payment of a sum certain, the claim is not certified and is over the $100,000 certification threshold; and, 3) there is no evidence that Tab 23 was actually submitted to the CO (gov't resp. at 12-19).

Applying the standard of review for a motion to dismiss, and granting all inferences in favor of SDI, we conclude that Tab 23, with the attached invoices and the statement "SDI Asking for written Decision of your to be Final about Contract and Process attached our Minimum Granted Orders Invoices," is a claim. It is a demand for payment of money in a sum certain in the amount of the attached invoices. SDI argues in its motion for reconsideration that "Tab 23, admitted July 10, 2025, is a February 2013 COFD demanding $1.4M for the 2010 Contract" (app. mot. at 6).

While SDI's citation of the invoices gets it past the first hurdle in establishing Board jurisdiction, it simultaneously creates a barrier to Board jurisdiction. SDI's characterization of its claim as seeking $1.4 million, means that the claim was required to be certified. 41 U.S.C. § 7103(b)(1). Board precedent holds that a defective certification can be remedied; however, the complete failure to certify a claim is not a defective certification and cannot be corrected. If a "contractor fails to certify the claim, the Board lacks jurisdiction." *KiewitPhelps*, ASBCA No. 62980, 25-1 BCA ¶ 38,798 at 188,700. Although SDI refers to its claim as a certified claim (app. mot. at 8-10) there is no certification in the record.

---

[3] The submission of 187 documents includes four different exhibits A, but not the document incorporated in SDI's reply brief.

In its reply brief, SDI asserts that the Board would still possess jurisdiction to entertain the non-monetary portions of the claim (app. reply at 2); however, SDI does not cite to any non-monetary relief being sought in ASBCA No. 63894, a claim for the payment of allegedly unpaid invoices. SDI additionally asserts that the lack of certification cannot be used to dismiss its claim, and that the Board can only do so after "acknowledging submission and considering the claim as submitted—rather th/an by sustaining a dismissal grounded on an incorrect factual predicate" (app. reply at 13). We agree, and grant appellant's motion for reconsideration, and dismiss ASBCA No. 63894 on the basis that SDI's claim (Tab 23) was not certified. Having concluded that we lack jurisdiction to entertain ASBCA No. 63894, we need not reach the government's argument that SDI has not established that Tab 23 was actually submitted for a final decision.

CONCLUSION

For the reasons stated above, we grant SDI's motion for reconsideration with regard to ASBCA No. 63894, but still dismiss the appeal because SDI's claim was not certified. We deny SDI's motion for reconsideration of its other claims, and SDI's other motions.

Dated: March 17, 2026

DAVID D'ALESSANDRIS
Administrative Judge
Armed Services Board
of Contract Appeals

I concur

J. REID PROUTY
Administrative Judge
Acting Chairman
Armed Services Board
of Contract Appeals

I concur

MICHAEL N. O'CONNELL
Administrative Judge
Vice Chairman
Armed Services Board
of Contract Appeals

I certify that the foregoing is a true copy of the Opinion and Decision of the Armed Services Board of Contract Appeals in ASBCA Nos. 63871, 63894, 64191, 64227, Appeals of Sayar Development Inc., rendered in conformance with the Board's Charter.

Dated:  March 17, 2026

PAULLA K. GATES-LEWIS
Recorder, Armed Services
Board of Contract Appeals